### ROACH & McLEAN *vs.* QUICK and wife.

In an action against *husband* and *wife* for the debt of the wife, contracted by her, while *sole*, a plea that the *husband* is an *infant* is no bar to a recovery.

DEMURRER to plea. To a declaration for goods sold and delivered to the *wife whilst sole*, the defendants jointly pleaded that at the time of the commencement of the suit, the *husband* was an *infant* within the age of 21 years, to wit, &c.; to which plea the plaintiffs demurred.

*M. T. Reynolds*, for the plaintiffs. An *infant* is competent to enter into the marriage contract. By the intermarriage in this case, the husband became entitled to the personal property of the wife, and might reduce it to possession. Such being the necessary consequence of the marriage which he has capacity to contract, the law will not permit him to allege his infancy in fraud of others whom he has deprived of their legal rights. His liability for the debts of his wife is an *incident* of the *principal contract*, and being such, he cannot avoid answering for the debts of his wife. *Atherly on Marriage Settlements*, 21, 41. 1 *Eden*, 60, 75. 2 *Brown's C. C.* 545. 4 *id*, 506. 1 *P. Wms.* 469. 3 *id.* 409. *Cas. Temp. Talb.* 173. 1 *Campb.* 189. *Esp. N. P.* 161. *Barnes*, 95. *Reeve's Domestic Relat.*

234. *Drury* v. *Drury, App. to McCarty* v. *Teller,* 8 *Wendell,* 321, &c. If the plea of *infancy* can be interposed, it should be pleaded as a personal privilege belonging to the husband alone, and not in bar of a recovery against the wife as well as the husband; for on the death of the husband, there can be no question of the wife's liability for a debt contracted by her previous to her marriage.

*J. A. Spencer,* for the defendants. Allowing that an *infant,* whose estate was benefitted by his marriage, would be liable for the debts of his wife contracted by her while sole, it does not follow that a *suit at law* can be maintained against him. A bill in equity would probably be sustained in such a case, but not a suit at law, especially where there is no averment of the estate of the infant having been benefitted. An *infant* is not liable even for necessaries provided the wife for the marriage, though for necessaries for the wife subsequently furnished, he is chargeable. *Strange,* 168. *Comyn's Dig. tit. Infant, B.* 5. The plaintiffs in this case should have sued the wife alone, and if *coverture* had been pleaded, they might have replied the *infancy* of the husband. The answer to the suggestion that the husband alone ought to have pleaded infancy is, that when husband and wife are sued jointly, they cannot plead separately. *Comyn's Dig. tit. Pleader* 2, *a.* 3.

*By the Court,* NELSON, J. As an incident to the *marriage contract* which an *infant* is competent to enter into, he is liable to pay the debts of his wife contracted by her before marriage. Prior to her marriage, the wife was responsible for such debts, and unless the liability to pay them attached to the husband, her creditors would be remediless, as she cannot be sued alone, separate from her husband; and if she could, a judgment against her would be fruitless, as all her estate is absolutely or qualifiedly vested in her husband. *Reeve's Dom. Rel.* 234. *Barnes,* 95. The plea in this case therefore is bad, and the plaintiffs are entitled to judgment; the defendants have leave to amend, on payment of costs.