BENJAMIN F. BUTLER *vs.* LUCY BRECK.
THE SAME *vs.* JAMES LEAVITT.

A husband, though an infant, is liable for debts contracted by his wife before marriage.

An infant whose estate is assigned under the insolvent law of 1838, cannot revoke a transfer of property previously made by him in payment of his wife's debts contracted before marriage, so as to vest that property in his assignee.

An assignment of an insolvent debtor's estate does not revoke an order previously drawn by him, *bonâ fide,* on one of his debtors, in payment of one of his creditors, and accepted by the drawee, though the order be not paid at the time of the first publication of the notice of the issuing of the warrant to the messenger.

In a suit by the assignee of an insolvent debtor, under *St.* 1841, *c.* 124, § 3, to recover the value of property alleged to have been transferred by the debtor in preference of one of his creditors, the burden of proof is on the plaintiff, to show that the creditor had reasonable cause to believe, when the property was transferred to him, that the debtor was insolvent.

THE first of these actions was trover, brought by the assignee, under *St.* 1838, *c.* 163, of Charles H. Bodge, an insolvent debtor, to recover the value of nine beds, &c. Writ dated February 8th 1842. Trial in the court of common pleas, before *Allen,* J. who signed the following bill of exceptions :

The assignment of said Bodge's estate to the plaintiff was proved by the deed of a master in chancery, duly executed. It appeared in evidence, that said Bodge was twenty years old on the 3d of February 1842; that he was married on the 15th of January 1842, to his present wife, who had been, for several years before, and then was, keeping a boarding-house in Lowell, in which business she had contracted some debts. Among other debts contracted by her in said business, was one to the defendant, of about $40, and a debt to one Clark, of about $30; the latter being for borrowed money, for which she had given her note. On the 17th of the same January, the defendant called on said Bodge — she having previously sued out two writs on the demands aforesaid, and having authority from said Clark to commence a suit in his name for his debt — and demanded payment of both said demands. The defendant had control of the note in favor of Clark, and was authorized by him to make any adjustment of his claim. It was then agreed that the defendant should take the property now in

dispute, being property which said Bodge's wife had owned and used in her said business, and that it should be received in payment of the debts aforesaid. Bodge and his wife then joined in a bill of sale of said property to the defendant, in common form, wherein the property was valued at $90. Thereupon there was a delivery of the property, which was taken by the defendant to her house. The note of Clark was not at Bodge's house when the business was transacted, and was not delivered to Bodge ; nor was there a formal discharge in writing of the defendant's claim, until after the first publication of the notice of Bodge's insolvency, which was made on the 20th of the same January. On the 27th of the same January, Bodge and his wife undertook to revoke, by deed, the sale which had been made to the defendant, and the deed was exhibited to the defendant, and a demand of the property was made on behalf of the messenger appointed by the master in chancery to take charge of the effects of Bodge ; and before the commencement of this action, a like demand was made on the defendant by the plaintiff.

Other evidence was submitted to the jury by the plaintiff, for the purpose of showing the insolvency of Bodge, and his knowledge thereof, and the defendant's knowledge thereof, at the time when said bill of sale was made. The defendant, on the other hand, submitted evidence to show that Bodge was not insolvent, nor believed by her to be so, at said time, and that, in fact, his property, at the time of said sale, and of his application to the master in chancery, was sufficient for the payment of his debts and liabilities.

The plaintiff contended, *first,* that he was entitled to recover because Bodge, being an infant, was not liable for his wife's debts previously contracted, except for necessaries, and that any payment of said debts could, on that ground, be avoided by him or his assignee ; and that the contract of sale had been revoked. *Secondly,* that Bodge could not convey the property to the defendant, in consideration of an agreement to pay his wife's debts (whether for necessaries or not) to a third person, so that it could not be avoided as aforesaid ; and that

the plaintiff was entitled to recover so much of the property as went in payment of Clark's debt. *Thirdly*, that Bodge could not, for a past consideration, make a conveyance which he, or his assignee, could not avoid.

The judge instructed the jury, " that the sale by Bodge to the defendant, if there was no inadequacy in the amount of consideration, was valid, and could not be afterwards avoided, in either of the ways in which it was attempted to be done, on account of the infancy of Bodge ; and he left it to the jury to find whether or not the sale was void, as being against the provisions of the insolvent laws; to wit, that if the defendant, at the time she received said property in payment of her debt, had reasonable cause to believe the said Bodge was insolvent, the plaintiff was entitled to recover; and that the burden of proof, upon this point, was upon the plaintiff; that if this was not proved to the satisfaction of the jury, the defendant was entitled to their verdict, so far as related to this point in the case."

The verdict was for the defendant, and the plaintiff alleged exceptions to the foregoing instructions.

*Butler, pro se.* Bodge, though an infant, is within the insolvent act of 1838 ; for by § 1, " *any debtor*, who shall desire to take the benefit of this act, may apply," &c. See *The People* v. *Mullin*, 25 Wend. 698. But he is not liable for his wife's debts, except debts for necessaries, and therefore cannot evade the insolvent act, as he attempted to do, by paying any other of her debts. He obtained no discharge from the debt, and he did not get the note until after publication of the messenger's notice. He might therefore well avoid the sale ; and his assignee has all his rights.

By *St.* 1841, *c.* 124, § 3, an assignee may recover the value of property transferred by the debtor with intent to give a preference to a preëxisting creditor, unless the debtor had reasonable cause to believe himself solvent; " provided the creditor, when accepting such preference, had reasonable cause to believe such debtor was insolvent." This is declared to be an extension of the provisions of *St.* 1838, *c.* 163 ; but it

is no extension of the remedy against preferences, if the burden still rests on the assignee to prove that the preferred creditor had reasonable cause to believe that the debtor was insolvent.

*S. Ames & Wentworth,* for the defendant. An infant is not bound by his promises, but he is under liabilities from which he cannot escape. He may contract marriage; and he thereby takes his wife's property, and is liable to pay her debts *Paris* v. *Stroud,* Barnes, (3d ed.) 95. Reeve Dom. Rel. 234 *Roach* v. *Quick,* 9 Wend. 238. 20 Amer. Jurist, 280.

When an infant pays, even if he was not bound to pay, he waives his privilege, and cannot revoke the payment till he comes of age. *Holmes* v. *Blogg,* 8 Taunt. 508. *Roof* v. *Stafford,* 7 Cow. 179. *M' Coy* v. *Huffman,* 8 Cow. 84.

The *St.* of 1841, *c.* 124, was intended to protect vendees as well as other creditors of an insolvent; and the ruling, as to the burden of proof, was therefore clearly right.

As an infant can institute no process, except by *prochein amy,* to obtain the benefit of the insolvent act, it would seem that he is not within the provisions of that act.

The second action was assumpsit for money had and received by the defendant, which the plaintiff, assignee as aforesaid, sought to recover for the benefit of Bodge's creditors. The facts were these : On the 17th of January 1842, Bodge's wife owed the defendant about $75 for groceries used in her boarding-house before her marriage ; and on that day the defendant called on Bodge for security. Bodge and his wife thereupon agreed to convey certain property to the defendant, in payment of $50 of said debt, and that the residue should be paid by orders drawn by Bodge on certain persons who had boarded with his wife before her marriage, and owed her for board. On the same day, in pursuance of this agreement, said property was delivered to the defendant, and said orders were also made and delivered to him, and were accepted by the drawees. Before this action was commenced, the defendant had received of said drawees part of the amount of said orders, in money ; but he received no part thereof until after the first publication of notice of Bodge's insolvency.

The same proceedings were had in this case, as in the preceding, to revoke the agreement aforesaid; and the like demands were made on the defendant. Similar evidence was also given at the trial; and the plaintiff (among other things) contended that the said orders were revoked, and that said first publication was notice of the revocation thereof, as the money had not then been paid thereon.

*Allen*, J., before whom this case also was tried, instructed the jury as they were instructed in the first case, and on their returning a verdict for the defendant, the plaintiff alleged exceptions.

*Butler*, pro se.

*Wentworth*, for the defendant.

DEWEY, J. 1. There was a sufficient consideration for the transfer of the goods and the drawing of the orders by Bodge, inasmuch as he, by his marriage, became liable to pay his wife's debts contracted before her marriage. Nor does the fact that Bodge was an infant at the time of his marriage, and when these actions were commenced, vary the nature of his liability in this respect. This liability of a husband for his wife's debts is incidental to the marriage, which of itself vests in him all her personal chattels, and the right to reduce to possession all her choses in action, and therefore properly subjects him to the payment of her debts. *Roach* v. *Quick*, 9 Wend. 238. Reeve Dom. Rel. 234.

2. There being a sufficient consideration for the transfer of the goods and the drawing of the orders, we think the facts, which were offered to show a revocation of the transfer of the goods, were entirely inadequate to avoid the transfer and vest the property of the goods in the assignee. The transfer of the goods by Bodge, accompanied by delivery, for the purposes stated, could not be defeated by the attempted disaffirmance of the contract of sale and delivery. The attempt to revoke the orders, after they were accepted, was equally ineffectual. Nor did the debts due from the drawees pass to the plaintiff by the assignment of Bodge's property to him, though they had not paid the orders when the assignment was made.

**3.** The ruling of the court, that the burden of proof was with the plaintiff, to show that the defendants, when they took the transfer of the goods, &c. had reasonable cause to believe that Bodge was insolvent, was in conformity with the proper construction to be given to *St.* 1841, *c.* 124, § 3.

*Exceptions overruled.*