## AARON SOLOMON *v.* ABRAHAM WAAS, AND MARIA WAAS HIS WIFE.

Prior to the Code, a husband might be arrested for a tort committed by his wife, was bound to put in bail for both, and after judgment she might be charged in execution with him; but if arrested before, she would be discharged upon proof of her coverture.

The law in this respect has not been changed by the provisions of the Code.

An agent to whom goods are entrusted to sell upon commission, who afterwards claims to have bought them from the principal, and upon that ground refuses to give the principal any account of what he has done, or to return the goods, may be treated as having converted them.

Where the right to arrest the defendant is derived from the nature of the action— *e. g.*, where the action is against an agent for the conversion of goods delivered to him to sell upon commission—the defendant will not be allowed, upon a motion to discharge from arrest, to introduce affidavits to prove that no cause of action exists.

*Anonymous* case (2 Duer, 613,) and *Tracy* v. *Leland* (2 Sandf. 629,) examined and disapproved.

APPEAL from an order at special term vacating an order of arrest. The plaintiff is the general assignee, for the benefit of creditors, of Marianna and Elizabeth De Young, and brought this action to recover for goods alleged to have been entrusted by the De Youngs to the defendant Maria Waas, as their agent, to be sold upon commission. The plaintiff obtained an order for the arrest of the defendant Abraham Waas. This order was based chiefly upon the affidavit of Marianna De Young, in which she alleged that she and Elizabeth De Young delivered to Maria Waas, as agent of the De Youngs, certain laces, em-

broideries, &c., worth $470.57, to be sold on commission; that Maria Waas was such agent for a long period, with the assent of her husband; that the deponent afterwards demanded the goods, or the proceeds of them, from defendants, but they refused to deliver them, the defendant Maria saying she had bought them, and could not settle for them, and she had nothing to settle for. The assignment of the claim to the plaintiff, and a demand by him, were also shown.

The defendant Abraham Waas moved, at special term, to vacate the order of arrest obtained against him. The motion was granted; and, from the order entered thereon, the plaintiff now appealed.

*John A. Godfrey*, for the appellant.

*Edmon Blankman*, for the respondent.

I. The plaintiff was not entitled to an order of arrest against either of the defendants in the first instance, because, 1. In an action against husband and wife, for a tort committed by the wife, neither defendants can be arrested. 8 How. Pr. R. 134; 1 Duer, 613. 2. That by the common law, a married woman is exempt from arrest (or mesne process) in all cases whatever. Code 1857, p. 238, *note C.* 3. The Code does not authorize the arrest of the husband, in any action founded on the *contract* or *tort* of the wife. 8 How. Pr. R. 134; 1 Duer, 613; *Tracy* v. *Leland*, 3 Code Rep. 47; 2 Sandford, 729.

II. The question, upon a motion to vacate an order of arrest, is whether, upon the whole case, as made by the affidavits on both sides, the court, if called upon to act upon the application as *res nova*, would grant the order of arrest. If it would, then the motion to vacate should be denied. But if, after hearing both parties upon the question, it should appear that a case for arrest has not been made out, the order should be vacated. *Chapin* v. *Seeley*, 13 How. 493.

By the court, DALY, First Judge.—A man is answerable to a third person, at the common law, for acts or injuries done by his

wife, if they afford ground for a civil action.   *Heard* v. *Briscoe*, 5 Car. & P. 484.   The wife, during the existence of coverture, cannot be arrested upon mesne process.   To use the language of Blackstone, by marriage the husband and wife became one person in law, that is, the very being, or legal existence of the woman, is suspended during the marriage; incorporated or consolidated into that of the husband.   1 Bl. Com. 442.   Such being the legal effect of the relation, the liability of the husband for the wife's tort or *quasi delict*, to quote the language of Mr. Macqueen, " stands upon a principle of necessity, as well as justice.   For the wife alone cannot be sued in such a case, and if the husband were also protected from responsibility, the injured party would be entirely without redress."   Macqueen on Husband and Wife, part 1, p. 127.   As the law stood in this state prior to the Code, a husband might be arrested for a tort committed by his wife, and was bound to put in bail for both.   After judgment, she might be charged in execution with her husband, but, if arrested before judgment, she would be discharged upon proof of her coverture, and on filing common bail.   *Cornish* v. *Marks*, 6 Mod. 17; 1 Id. 8; Ventris, 49; *Crookes* v. *Fry*, 1 Bar. & Ald. 165; *Taylor* v. *Whitaker*, 2 Dow. & Ry. 225; *Clark* v. *Norris*, 1 H. Bl. 235; *Russell* v. *Buchanan*, 6 Price, 139; *Rangstaff* v. *Rain*, 1 Wils. 149; *Pitts* v. *Miller*, Strg. 1167; *Finch* v. *Duddin*, Id. 1237; *Berriman* v. *Gilbert*, Barnes, 203; Graham's Pract. (2d ed.) 127; 1 Tidd's Pract. (9th Lond. ed.) 194; see, also, *Ivins* v. *Butler*, 7 Ellis & Bl. 159.

Is there anything in the Code that has changed the liability of the husband to be arrested for the tort of the wife?   In an anonymous case in 2d Duer (613,) Judge CAMPBELL is reported to have been of opinion that the Code, " in its *reasonable construction*," does not authorize the arrest of the husband in any action founded solely upon the contract or tort of the wife.   The action was assault and battery committed by the wife, and he discharged the husband from arrest, it is said, after consultation with the other judges, who approved his decision.   It would have been more satisfactory if an opinion had been given, and

the part or parts of the Code indicated or pointed out which admitted of or warranted this construction. To say that the Code, "in its reasonable construction," has changed the law, and taken away a right that existed before, without naming or pointing to the section, provision, or language that has had that effect, is, to say the least of it, a very loose way of determining a very important question. A plaintiff had the right, before the Code, to arrest the husband for a tort committed by the wife, and he has that right still, (2 Kent's Com. 149; Reeve's Dom. Rel. 72), unless the Code has abrogated it, or taken it away. I find no provision in the Code touching the subject, or which, by the most liberal construction, could be regarded as changing the law. It has not changed the legal relation of man and wife. They are not the less one person in the law now, than they were before. For the tort of the wife, the husband can still be sued. He is a necessary party, for she cannot be sued alone. Code, § 114; *Roach* v. *Quick*, 9 Wend. 238. Both are chargeable for a wrong done by the wife, and both must be joined as defendants. Comyn's Digest, tit. Pleader, 2 A 3; *Martel* v. *Fiestal*, 2 E. D. Smith, 91; Reeve's Dom. Rel. 69. Nor can they even plead separately; both must join in the plea. *Tampian* v. *Newson and wife*, Yelv. 210. He is, therefore, a necessary defendant in the action, and, as the wife never could be arrested, the 179th section, which declares that the defendant may be arrested where the action is for injuring, or for wrongfully taking, detaining, or converting property, must be applicable to him. The only provision that has any bearing upon the subject, is that part of section 179 which declares that no female shall be arrested in any action, except for a wilful injury to person, character, or property, which did not materially change the law, the Revised Statutes of 1829 having provided that no female should be imprisoned in any civil action founded upon contract, (2 Rev. Stat. 428); and the provision of section 114, that when a married woman is a party, her husband must be joined with her, so far as it affects this question, was merely affirmatory of the existing law. I am utterly at a loss to conceive upon what ground or reason the

judges, in the case referred to, came to the conclusion that the Code, "in its reasonable construction," had made this important change; and, though entertaining, as I should do, the highest respect for an opinion approved by all the members of a court, I cannot surrender my own judgment, and assent to it, where I find no provision in the Code, and am referred to none, which warrants or authorizes it.

This action is for the wrongful conversion of property by Maria Waas, the wife of the defendant Abraham Waas:—to recover the value of certain laces, embroideries, and other goods belonging to the plaintiff's assignors, Marianna and Elizabeth De Young, entrusted by them to Mrs. Waas to sell, as their agent, upon commission, which goods, or the proceeds, the defendants, upon demand, have refused to deliver to the plaintiffs. It does not appear upon what ground the judge below discharged the order of arrest. From the points and authorities handed in upon this appeal, it would seem to have been upon the ground, above referred to, that a husband cannot now be arrested for a tort committed by the wife. There is another ground suggested in the points, upon the authority of a decision of Justice Mason, (*Tracy* v. *Leland*, 2 Sandf. S. C. 729), that the wilful injury to property, for which the arrest of a female is allowed by the Code, is a physical injury, such as breaking it to pieces, or otherwise damaging it intentionally, whereby its value is lessened or destroyed. Though I do not concur in the conclusion arrived at in *Tracy* v. *Leland*, I do not consider it necessary to examine the question involved in that decision, as I cannot see how the point could affect the determination of this motion, as the question here is not the right to arrest the wife, but the husband.

The only remaining question, is the general cause of action sworn to in the affidavit upon which the husband, Abraham Waas, was arrested; and upon that point I suppose that an agent to whom goods are entrusted to sell upon a commission, who afterwards claims to have bought them from his principal, and upon that ground refuses to give his principal any account of what he has done, or to return the goods, may be treated as

having converted them. Such a case, against the wife, is made out by the affidavit upon which the husband was arrested. An affidavit of Mrs. Waas was read upon the motion, denying that she was employed as agent, and averring that she bought the goods; but this affidavit could not be received to disprove the cause of action. We have held, in *Geller* v. *Seixas*, (4 Abbott, 103 ; affirmed at general term), that where the right to arrest is derived from the nature of the action, that the defendant will not be allowed, upon a motion to discharge from arrest, to introduce affidavits to show that no cause of action exists. That would be trying the action upon affidavits on a collateral proceeding, which the court will never do.

Order appealed from reversed.