By the Court.—Daly, F. J.
J.—The defendant, a married woman, is the proprietor of a line of omnibusses, and is engaged in the business of running them in this city. The action is brought against her to recover damages for a collision caused by the negligence of the driver of one of her omnibusses, and the point presented is whether the action will lie. I cannot see why it will not.
A married woman is now allowed to carry on any trade or business upon her sole and separate account, the earnings of which are her separate property, to be used or invested by her in her own name (Laws of 1860, p. 157, § 3). No bargain or *458 contract entered into by her in the carrying on of any such business is binding upon her husband, or can render him or his property in any .way liable. She may sue or be sued in any matter relating to her separate property, the same as if she were unmarried. In an action brought by or against her in her own name, neither her husband nor his property is liable for the costs, and she may be sued in any of the courts of this State, and if a judgment is rendered against her, it may be enforced by an execution against her separate property in the same manner as if she were unmarried (Laws of 1862, p. 343).
It is very plain from these provisions in the statute that it was the design of the legislature that a married woman might carry on any trade or business with the same advantages as any other person, and if she is to have all the rights and advantages of those who engage in business, she must be subject to tire liabilities which are incident to the enjoyment of these rights.
A married woman carrying on a business like that conducted by the defendant, lias the selection of her own drivers,, servants and agents, and must be responsible for their want of skill or negligence in the conduct and management of her business, the same as any other other proprietor would be. She may, says the statute, be sued in the same manner as if she were sole, in all matters having relation to her sole and separate property. The business which the defendant conducts is her sole and separate property, for her husband has not in virtue of. his marital relation any interest in, right to or control o'ver - its management, and an injury caused by the unskilful or negligent way in which the defendant’s business is conducted is a matter having relation to her separate property.
A married woman was always answerable for her tortious acts, and might be charged in execution conjointly with her husband (Solomon v. Waas, 2 Hilt., 179). Her husband had to be joined with her, for husband and wife were then regarded in the law as but one person. She was then incapable of entering into any contract, or of incurring any liability in trade or in business, but if she engaged in any business it was in law the business of her husband. The right of property was in him, the legal control and management of it belonged to him, and he alone would have been answerable for injuries arising from negligence in the management of it.
*459 The law is now changed. The wife may carry on business with al-1 the incidents and rights of property. The husband is not liable for any bargains or contracts she may enter into to carry it on, nor is he answerable for a liability arising from the unskilful or negligent manner in which it is conducted. There is no reason for making him a party in such an action. It is to be brought against the wife, and in the event of the recovery of a judgment, it may be enforced against her separate property in the same way as if she had no property.
I think the demurrer, therefore, was well taken, and that the judgment should have been for the plaintiff.
Cardozo, J.
I entirely concur with Judge Daly. The views he expresses are the same which I entertained at special term, but I did not feel authorized to disregard the decision of the general term of this court in the case of Miller v. Lent, decided in June, 1863, which is not consistent with any other judgment than that pronounced by me at special term.
Order appealed from reversed.