NEW-YORK,
Nov. 1806.

Welsh
v.
Hill.

\*1 *Caines*, 578

## Welsh *against* Hill.

On showing cause why a defendant who has been arrested, should not be discharged on filing common bail, the affidavit of the debt, or demand of the plaintiff, must be positive, otherwise the court will order the defendant to be discharged. Counter affidavits may be received, at the discretion of the court, or of a judge, at his chambers.

THE defendant obtained an order from a judge, at his chambers, for the plaintiff to show cause why the defendant should not be discharged on filing common bail.— The plaintiff resided at *Havanna*. The authority of the attorney to commence the suit was shown ; the letters of the plaintiff, stating the nature of his demand against the defendant, were produced, and also an affidavit of a correspondent here of the consignee of the plaintiff, stating, that in a conversation with the defendant relative to the subject matter in dispute, the defendant said he would remit the money or property to the consignee, but there was no express admission of a debt due the plaintiff, though the defendant did not deny it. Some counter affidavits were also offered. The judge refused to grant the order, and an application was now made to the court for the defendant's discharge.

*Hoffman* and *T. A. Emmett*, for the defendant.

*Slosson* and *Hopkins*, for the plaintiff.

*Per Curiam.* The affidavit of *Post*, the correspondent of the house in *England*, is not *positive*. He does not swear that *he believes* any thing due to the plaintiff.—

These affidavits are insufficient, and the defendant must be discharged on filing common bail. As to receiving counter affidavits in such cases, the practice was settled in the case of [˙] *Clason* v. *Lyde*, in *April* term, 1801, where the court decided, that a judge at his chambers might, in his discretion, admit or refuse counter affidavits, according to circumstances. Where the plaintiff swears positively to a debt, it would be improper to receive them.