## GELLER *a.* SEIXAS.

*New-York Common Pleas ; Special Term, January,* 1857.

### ARREST.—MONEYS RECEIVED IN FIDUCIARY CAPACITY.

Where the right to arrest the defendant is derived from the nature of the action— *e. g.* in an action to recover moneys received by defendant in a fiduciary capacity—the defendant will not be allowed, upon a motion to discharge from arrest, to introduce affidavits to show that there is no cause of action.

But where the arrest is founded upon extrinsic facts wholly independent of the cause of action, and the defendant satisfies the court by his own affidavit or otherwise that there was no foundation for the arrest, he is entitled to be discharged.

The acceptance of a *negotiable* promise of payment from a debtor suspends the remedy upon the original indebtedness.

But the acceptance of a non-negotiable promise does not so operate, unless it is founded upon a new consideration.

Motion to discharge defendant from arrest.

This action was by Emma Geller against Benj. M. Seixas.

DALY, J.—This action is brought to recover the proceeds of the sale of two cargoes worth about 60,000 francs, intrusted to the defendant in a fiduciary capacity ; and he asks to be discharged from the arrest, upon the ground that before the action was brought he entered into an agreement with the plaintiff's agent at Caraccas, by the terms of which his indebtedness was to be paid in five annual instalments of $1,000 each, and the balance, $8,000, when his circumstances would permit ; the first of which payments will not be due until February next.

The affidavit upon which the arrest was ordered is positive that the amount sought to be recovered is due by the defendant,

---

* Compare The Northern Railway Company of France *a.* Carpentier, *Ante,* 52.

and that it was received by him in a fiduciary capacity; and where the cause of action is thus positively sworn to, the court will not hear counter affidavits nor enter into an examination of the merits of the case, but will take the fact of the case to be as sworn to in the affidavit upon which the arrest was made (Jordan v. Jordan, *Wend.*, 524; Welch v. Hill, 2 *Johns.*, 100). The Code has not changed the law in this respect. Where, as in this case, the right to arrest is derived from the nature of the action, the defendant will not be allowed to introduce affidavits to show that there is no cause of action, for that would be trying the merits of the action by affidavits upon a preliminary motion to discharge from arrest. But when the arrest is founded upon extrinsic facts wholly independent of the cause of action, as where the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors, then the defendant may contest the truth of the facts upon which the arrest was ordered, and if he satisfies the court, either by his own affidavit or otherwise, that there was no foundation for the arrest, he is entitled to be discharged (Wilmerding v. Morris, 8 *How. Pr. R.*, 213; Chancy v. Garbut, 5 *Ib.*, 467; Corwin v. Freeland, 2 *Seld.*, 565).

But if the cause of action could be inquired into upon this motion, the defendant would not then be entitled to be discharged. He has not shown conclusively that the plaintiff has no cause of action. Admitting the document to be genuine, which he has produced to show that the time for the payment of his indebtedness was extended by the plaintiff's agent, that does not take away or postpone the plaintiff's right to sue upon the original indebtedness. The acceptance of a promissory note of a debtor suspends the creditor's remedy upon the original debt, unless the note is produced and cancelled, or it is shown that the debtor could not become liable upon it; but that is upon the ground that it is a negotiable instrument, upon which the debtor might be liable in the hands of a third party (Keoslake v. Morgan, 5 *Durnf. & E.*, 513; Hadwin v. Mendijabel, 10 *Moore*, 477; Kendrick v. Lomax, 2 *Carr & P.*, 405; Tulchard v. Tuckington, 10 *Johns.*, 104; Hughs v. Wheeler, 8 *Cow.*, 77). But an instrument like the one relied upon here, unless it is founded upon some new consideration, will not operate to suspend the right to sue upon the original debt. No such consideration ap-

pears upon the face of the instrument. It is an acknowledgment of the defendant's indebtedness, arising from balance of accounts, pending, with an agreement on the part of the creditor, by her agent in Caraccas, to give time for the payment of the sum admitted to be due. But to supply the want of any consideration upon the face of the instrument the defendant swears that, when it was made, all the shipments consigned to him had not been sold, and that in order to effect a settlement of accounts, he agreed to take the whole shipment at invoice prices, with freight added, which made up the whole sum upon which the extended credit was given. An agreement on the part of the defendant, to charge himself with goods that had not been sold, and for the payment of which he was not responsible, would undoubtedly be a good consideration for an agreement, to give an extended credit for the whole sum. But this rests upon the defendant's affidavit alone, and the plaintiff has no means of knowing upon the motion, whether or not this statement is true; but on the contrary, very good reason for doubting it. The alleged agreement was made nearly a year ago, and not only has she not received any advices from her agent at Caraccas of the making of any such agreement, but her agent, Mr. Wolfe, swears that he saw her agent, Mr. Pardoe, in Venezuela, after the agreement is alleged to have been made, and that he, Pardoe, told Wolfe that he had been unable to effect any settlement with the defendant; that the defendant had given him a balance-sheet which he found did not balance, and that when he asked for the defendant's books, the defendant told him they were in France. The only person, therefore, who could contradict the defendant's affidavit, in the material matter of the proof of consideration not appearing in the writing, is the agent who is in Caraccas, and his affidavit cannot be procured upon the motions.

The motion to discharge from arrest must be denied.