The motion to discharge the order must, therefore, be denied.

---

## LEVINS *a.* NOBLE.

*Supreme Court, First District; General Term, November,* 1862.

### ORDER OF ARREST.—VACATING ON APPEAL.

On appeal from an order discharging an order of arrest granted upon affidavit setting forth a cause of action which in itself justifies an arrest, the court will presume, in the absence of the complaint, that the latter, in its statement of facts constituting the cause of action, pursues the affidavit on which the order of arrest was granted.

Where the facts constituting the cause of action and the facts authorizing the arrest are identical, the order of arrest will not be set aside upon the merits, unless the defendant clearly makes out such a case as would call on the judge at the trial either to nonsuit the plaintiff or direct a verdict for defendant.

Appeal from an order vacating an order of arrest.

The plaintiff, Peter Levins, brought this action against Solomon B. Noble, an attorney, to recover certain moneys alleged to have been placed in his hands by the plaintiff. It appeared from the complaint, that the plaintiff had employed defendant as his attorney in managing his affairs as executor of the estate of Ann Levins, deceased, and that in his character, as such attorney, he had paid to and deposited with him certain moneys,

amounting to $947.60, for the repayment of which he demanded judgment. Upon an affidavit, setting forth the facts more fully, but in accordance with the complaint, an order of arrest was issued. A motion was subsequently made by the defendant upon affidavit to vacate the same. The motion was granted and plaintiff appealed.

*George V. N. Baldwin*, for the appellant.—I. Where the cause of action has been practically sworn to, the courts have refused to hear counter-affidavits where the ground of the application for discharge constituted a defence to the action. (Welsh *a.* Hill, 2 *Johns.*, 100 ; Watkinson *a.* Langton, *Ib.*, 307 ; Hart *a.* Falconer, 5 *Ib.*, 262 ; *Petersdorf on Bail*, 194.) Affidavits involving the merits of the action should not be heard. (Copeland *a.* Childs, 18 *Eng. L. & E.*, 375.) The Code must be reconciled with the old practice. (Corwin *a.* Freeland, 6 *N. Y.*, 561; Frost *a.* McCarger, 14 *How. Pr.*, 131; Gellen *a.* Seixas, 4 *Abbotts' Pr.*, 103 ; 2 *Hilt.*, 179.)

II. Where the defendant makes a case which may properly be brought before a jury, the court should deny a motion to set aside an order of arrest where the cause of action and the facts authorizing the order of arrest are identical. (Frost *a.* McCarger, 14 *How. Pr.*, 131 ; Barret *a.* Gracie, 34 *Barb.*, 20 ; Anonymous, 6 *Abbotts' Pr.*, 319, *note.*) But in any event, on such motion, the burden of proof is upon the defendant, and must satisfy the court that his defence will certainly be established on the trial. (Republic of Mexico *a.* Arrangoiz, 5 *Duer*, 634 ; Barrow *a.* Sandford, 14 *How. Pr.*, 443 ; Courtland *a.* Davis, 4 *Bosw.*, 619 ; Corwin *a.* Freeland, 6 *N. Y.*, 56.)

*Solomon B. Noble*, respondent in person.

By the Court.*—Barnard, J.—The facts stated in the affidavits on which the order of arrest was granted, show that the cause of action is for moneys received by defendant, in a fiduciary character.

As there is no complaint among the appeal papers, we must assume that the complaint, in its statement of the facts consti-

* Present, Ingraham, P. J., Barnard and Clerke, JJ.

tuting the cause of action, pursues the affidavit on which the order of arrest was granted.

In this view, the facts constituting the cause of action, and the facts authorizing the arrest are identical. The rule in such cases is, that the order of arrest will not be discharged unless the defendant clearly makes out such a case as would call on the judge presiding at the trial to either nonsuit the plaintiff or direct a verdict for defendant. (Frost *a.* McCarger, 14 *How. Pr.*, 131; Barret *a.* Gracie, 34 *Barb.*, 20.)

The defendant here has evidently not made out such a case. Indeed, after a careful examination of the papers, I have been unable to detect any preponderance of proof in favor of defendant.

Order reversed, with ten dollars costs.