## NEW YORK COMMON PLEAS.

### THEODORE STUYVESANT agt. THOMAS BOWRAN.

In an action of *crim. con.*, where the *arrest* of the defendant is based upon the nature of the action itself, and not upon extrinsic circumstances, and is supported by affidavits, it is not the rule of this court to vacate the order upon affidavits introduced by the defendant denying that there is a cause of action; as it would be trying the merits in advance upon *ex parte* affidavits.

There might be such a clear case made on a motion to discharge from arrest, as would justify a judge in vacating the order of arrest, although it would be virtually a disposal of the merits of the action; but it would be only in a case removed from all doubt, and upon a state of facts which would justify the judge to non-suit at the trial.

*Special Term, October* 29, 1867.

MOTION to set aside order of arrest. or reduce amount of bail.

EDWIN JAMES *and* GEORGE SHEA, *for motion.*
STEPHEN WHITEHORN, *attorney, and*
ALFRED A. PHILIPS, *counsel for plaintiff.*

VAN VORST, J. The complaint in this action charges the defendant with having had carnal knowledge of the plaintiff's wife, and the action is brought to recover damages for the wrong, to the amount of twenty thousand dollars. The action was commenced in October, 1867. An order of arrest was obtained, and the defendant held to bail in the sum of five thousand dollars, under which he is now arrested and held in custody. The order of arrest was obtained upon the complaint and two affidavits, one made by the plaintiff himself, in which he alleges that the criminal intercourse of which he complains, occurred at his own house, in the year 1863, but that he did not discover it until about the month of May, 1867.

The other affidavit was made by one Lawrence Sullivan, a lad now absent, seventeen years of age, who swears to

having been a witness of the criminal intercourse at the time of its occurrence.    He was then about thirteen years of age.

From the affidavits, it appears that the plaintiff's knowledge of the offense was derived by him from the statements of Sullivan, and then only some four years after its commission.    It appears that Sullivan was at the time an errand boy in the office of the plaintiff, and lived in plaintiff's house, but left plaintiff's employment in 1864, and lately, and in May last, made to plaintiff the revelations contained in his affidavit, of the particulars of the reported guilt of the wife, and the offense of the defendant.

Defendant is a widower, brother-in-law of the plaintiff, having married plaintiff's sister, for some years past deceased. He was also a resident in plaintiff's house in 1863, at the time he is alleged to have been guilty of the offense charged.    The criminal conversation is alleged to have been committed so publicly as to have been witnessed by this boy, no efforts or precautions having apparently been used by the parties to conceal their crime.    Why there was no earlier communication made by this witness to the husband of the offense, is not stated, which is the more remarkable, if the boy's mind was impressed with a sense of the guilt of plaintiff's wife and defendant ; as the plaintiff claims in his affidavit to have taken the lad in his office and house from considerations of kindness and mercy, and that the boy was forced to leave him on account of the cruel treatment of his wife. ·

In support of the motion to vacate the order, an affidavit was read, in which defendant denies most explicitly the allegations contained in the affidavits upon which the arrest was granted.

· Other matters appeared in the affidavits, which are not important to be considered in the decision of this question.

The counsel for the defendant earnestly claim that there is not sufficient proof contained in the affidavits produced by plaintiff of the commission of the offense by the defendant, and that the positive denial of the defendant should avail to

overcome the effect of the affidavit of Sullivan; that the statements of Sullivan are so improbable, that the defendant's denial, in connection with other circumstances, entitle him to be discharged from arrest, or in any event for an order reducing the amount of bail.

Offenses of the character charged in the complaint are always difficult to be established by complete and overwhelming proof; still there should always be such evidence adduced as to satisfy the court that the defendant is guilty. The evidence, while it points out the offense, should be credible. That the circumstances are improbable, however, is no answer to a sworn statement of an occurrence made by a person claiming to be an eye-witness, whose testimony is unimpeached. Many improbable things do actually occur in life, within the experience of all, and the force of testimony is not to be avoided by an argument based only on the seeming improbability of the statement, nor can much weight be given to a mere denial of the charges, made by the defendant. If capable of committing this offense, and that, too, under the roof of the brother of his own deceased wife, he would be quite likely to deny it. But, in cases of this character, where the arrest is based upon the nature of the action itself, and not upon extrinsic circumstances, and is supported by affidavits, it is not the rule of this court to vacate the order upon affidavits introduced by the defendant, denying that there is a cause of action, for that would be trying the merits of the action in advance upon *ex parte* affidavits. · (*Solomon* agt. *Wass*, 2 *Hilton*, 179.) There might be such a clear case made on a motion of this character, as would justify a judge in vacating an order of arrest, although it was virtually a disposal of the merits of the action, but it would only be in a case removed from all doubt, and upon a state of facts which would justify the judge to non-suit at the trial. But this is not a case of that character. (*Lewis* agt. *Noble*, 15 *Abb*. 475; *Barnett* agt. *Gracie*, 34 *Barb*. 20.)

The motion to vacate the order of arrest is, therefore,

denied. Nor do I think the amount of bail should be reduced. The amount fixed is moderate in the light of the offense charged; it is not oppressive, and there is no reason to believe that it is beyond the ability of the defendant to furnish.

Motion denied.