Barrett, J.
—I am still of the opinion that the facts stated in the affidavit of King are. inadmissible. The evidence of husband and wife is undoubtedly receivable, in a collateral proceeding, for the purpose of proving any fact material to the issiie; and that, although the facts so testified to by the one may tend to criminate or contradict the other (1 Greenl. on Ev., § 342, and cases cited ; 1 Phill. on Ev., 7 ed., 80 ; Id., Cow. & H.’s Notes, part 1, p. 71, and cases cited). The fact is admitted as bearing upon the issue, and that without reference to its tendency; but there is no authority for admitting either husband or wife, in any proceeding whatever, for the sole and direct purpose of impeaching the other’s testimony.
II. The rule is now so well settled, especially in this court, as not to admit of discussion, that where the right to an arrest is not collateral to, but flows directly from, the cause of action itself, the court will not try the merits *56 upon affidavit, and will not, discharge the order, unless the defendant clearly makes out such a case as would entitle him upon the trial to a nonsuit, or to a directed verdict in Ms favor (Solomon v. Waas, 2 Hilt., 179 ; Geller v. Seixas, 4 Abb. Pr., 103, affirmed at general term ; Bedell v. Sturta, 1 Bosw., 634 ; Cousland v. Davis, 4 Bosw., 619, affirmed at general term; Levins v. Noble, 15 Abb. Pr., 475 ; Frost v. McCargar, 14 How. Pr., 131 ; Barrett v. Gracie, 34 Barb., 20 ; and see Jananique v. De Luc, 1 Abb. Pr. N. S., 420 ; Huelet v. Reyns, Id., 27, and Ely v. Mumford, 47 Barb., 629, where the rule is referred to and approved of *). Now the more I consider the exceedingly voluminous and conflicting affidavits presented—and they have received the most careful and exhaustive consideration—the more irresistible is the conclusion that the opposition to this application brings itself clearly and directly within the principle laid down in these numerous cases. Indeed, it was conceded by the learned counsel for the defendant, that the present facts, if adduced upon the trial, would entitle the plaintiff to go to the jury ; but he insists that the weight of evidence is so clearly with him, that the arrest should not be upheld, even upon the assumption that a nonsuit could not be granted, and that a verdict could neither be directed for the defendant, nor set aside if rendered for the plaintiff. This, however, would still involve the trying’ of the merits, the guilt or innocence of the defendant, upon affidavits, and it is fully covered and prohibited by the authorities which so firmly establish the rule to which I have referred.
III. It will not be necessary to consider the effect of the discharge of the defendant by the police magistrate, or of the subsequent quashing of the indictments by the city judge, for the reason that the plaintiff, upon the present application, has adduced additional evidence to that which formed the basis of such previous judicial action. 'Without- going through the immense mass of testimony, or attempting to particularize the points wMch have been *57 more fully developed, it will "be sufficient, as an instance of one prominent feature presented for the first time, to refer to the affidavit of the alleged accomplice, Griffin. He distinctly states that the robbery was planned and perpetrated by himself in concert with the defendant and one Knapp. Of course I need scarcely say that such testimony is received with extreme caution ; but yet it is well settled that a conviction may be sustained upon the unsupported and uncorroborated testimony of an accomplice (1 Greenl. on Ev., §380 ; 1 Phill. on Ev., Cow. & H.'s ed., 37 ; 1 Chit. Crim. L., 604 ; Dunn v. People, 29 N. Y., 523 ; People v. Dyle, 21 Id., 578; Haskins v. People, 16 Id., 344 ; People v. Costell, 1 Den., 83 ; Wixson v. People, 5 Park. Cr., 119). The weight to be given to such evidence rests exclusively, under proper instructions, with the jury, whose legitimate functions should not be usurped, directly or indirectly, and the absolute freedom of whose judgment should not be impaired by any preliminary criticism upon the facts. It is for these reasons that I have so carefully refrained from expressing any opinion upon the merits, which could be used upon the trial by either party to the detriment of the other.
IV. The defendant asserts that he is ready and even anxious to submit to the ordeal of a jury trial, and he complains that owing to the crowded condition of our calendar, his case may not be reached for over a year, and that in the mean time he is subjected to close confinement. This complaint is just, and should be remedied by affording the defendant a speedy trial. The order of arrest and the imprisonment thereon are not to be permitted to operate as a punishment in advance of conviction. They are a mere guarantee for the presence of the defendant, and for his submission to final process. I have conferred with my brethren upon this subject, and they inform me that it is the common practice of this court, when a party is con fined from inability to procure bail, to advance his cause upon the calendar, and thus avoid the protracted imprisonment consequent upon the ordinary delay.
V. The motion must, therefore, be denied; but the do *58 fendant may, upon the settlement of the order, incorporate a provision advancing this cause upon the calendar, and setting it down specially for trial upon the first day of the next term.
II. October, 1868. Motion "by defendant for an order releasing a sum of money attached "by the sheriff, upon an attachment issued in this action contemporaneously with the order of arrest.
It appeared that the sheriff had attached other property, "both, real and personal, "belonging to the defendant, respecting which no application was made.
Barrett, J.
—An attachment can only be discharged in accordance with the provisions of sections 340 and 341 of the Code. These sections prescribe but two modes of procedure. First, The defendant may have the attachment absolutely discharged, upon furnishing a proper undertaking in double the amount claimed. Second, He may have an appraisal of the property which has been attached, and obtain its release upon an undertaking in double its appraised value. There is no authority for the release of separate parcels. The remedy is confined to the discharge of the attachment itself, or the release of " the property attached.” These words are plain. -The property attached is all that which has been seized ; and the construction contended for would supply the words, " or such part of the property attached as the defendant may desire to release.” It was never intended to permit a defendant to choose what property he would withdraw, and what he would leave subject to the attachment.
Besides, the practical effect is against such a construction, for were an application like the present tobe granted, the defendant might apply to-morrow, upon another small undertaking, executed by the same sureties, or by others, who perhaps could not justify in double the aggregate of the two undertakings, for the discharge of other property. In this manner, whether by the subdivision of one large undertaking into many small ones, to suit the exigencies *59 of a justification by but two sureties ; or by the substitution of numerous sureties of small means for the two of large, which a single undertaking would demand ; it is palpable that all the property attached might be withdrawn, and that too, with perfect regularity, upon wholly insufficient or greatly lessened security.
The application must be denied.

 The same rule has more recently been discussed and applied in the case of Merritt v. Hecksher, 50 Barb., 452.