Hinton vs. Wells.

RYAN, C. J., took no part.

## HINTON vs. WELLS.

INSTRUCTIONS TO JURY.   *(1, 2)  When instructions, open to criticism, will not
reverse.  (3)  Ambiguous instruction properly refused.*

1. The use, in a charge, of particular expressions which are susceptible of crit-
icism, is not sufficient to reverse the judgment, where it appears, from
the whole charge taken together, that the jury could not have been mis-
led thereby.
2. Thus, in an action for a broker's commission on a sale of land, where de-
fendant denied that he had employed plaintiff, and the testimony of the
parties was conflicting as to the fact of employment, the court instructed
the jury that they were to determine from the evidence whether or not
plaintiff was employed by defendant to make the sale; that if he was
not so employed, but was employed by the purchaser, or made the sale
upon his own suggestion without expecting to be paid by defendant, then

their verdict should be for the latter; but that if plaintiff was employed by defendant, and honestly and fairly made the sale for him, with the agreement, or, if there was no agreement, with the expectation, that he was to be paid by defendant, then plaintiff was entitled to recover. The court then added: "It is claimed on defendant's part, that, although this property was placed in plaintiff's hands, he was not to charge defendant anything for commission. This is denied on plaintiff's part, however," etc. *Held*, that the instructions, taken together, did not assume that the fact of plaintiff's employment was *conceded* by defendant, and could not have misled the jury in that respect; and that the question whether plaintiff's services were rendered gratuitously as to the defendant, was fairly submitted.

3. The fact that, after the sale was effected, plaintiff remained silent when defendant stated in his presence that no commission was to be charged, does not estop him from now asserting his right to a commission, but is at most evidence tending to corroborate defendant's claim and testimony; and where the court had submitted the evidence to the jury with instructions to that effect, there was no error in refusing to charge that such silence "was to be considered as *evidence to establish the truth* of defendant's statement."

APPEAL from the County Court of *Milwaukee* County.

The case is sufficiently stated in the opinion.

For the appellant, there was a brief signed by *E. Mariner* as his attorney, with *C. A. Hamilton*, of counsel, and oral argument by *Mr. Mariner*.

For the respondent, there was a brief signed by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg*.

COLE, J. The questions in this case arise upon exceptions taken to portions of the charge of the court, and exceptions taken to the refusal of the court to give certain instructions asked on the part of the defendant. The action was to recover broker's commissions on a sale of real estate. The defendant claimed that he never employed the plaintiff to make the sale, nor agreed to pay him any commissions; that whatever services the plaintiff rendered in the matter of effecting the sale, were either gratuitous or were rendered for the purchaser. The parties were sworn in their own behalf, and radically disagreed as to the fact of employment. Upon that point the court below, among other things, charged the jury to the effect

that they were to determine from the evidence whether or not the plaintiff was employed by the defendant to make the sale; that if he was not so employed, but was employed by the purchaser, or did it upon his own suggestion without expecting to be reimbursed or paid by the defendant for his services in making the sale, then their verdict should be for the defendant; but if they found that the plaintiff was employed by the defendant, and honestly and fairly made the sale for him, with the agreement, or, if there was no agreement, with the expectation, that he was to be reimbursed or paid by the defendant for the services rendered, then the plaintiff was entitled to recover his commissions on the amount for which the property was sold. And in this connection the court gave this charge, which was excepted to by the defendant, to wit: "It is claimed on the part of the defendant, that, although this property was placed in the hands of *Mr. Hinton*, the latter was not to charge him anything for commissions. This is denied on the part of *Mr. Hinton*, however, he claiming that the property was placed in his hands at a particular price before that time; that he effected the sale; and that nothing was said by him or *Mr. Wells* with reference to the amount of compensation he was to receive on the sale of the premises." The jury were told that they must decide from the evidence, and all the facts and circumstances surrounding the transaction, what the truth really was. Now it is said that this charge assumes a concession or admission on the part of the defendant, that the property was placed in the plaintiff's hands for sale — in other words, that the plaintiff was employed to sell it,— while no such concession was made; and that the assumption itself was inconsistent even with the testimony of the plaintiff, who said he was only employed to procure an offer. It is not difficult for astute and learned counsel to criticise a charge, and even to place upon it a meaning not fairly warranted by its language. The direction above was equivalent to telling the jury that, even if they were satisfied that the property was placed in the hands of the plaintiff for sale, still the defendant claimed that it was done with the understand-

ing that no commissions were to be charged. We cannot see how it was possible for the jury to have been misled by the direction.

Again, it is said that the question was not fairly submitted, whether or not the services rendered by the plaintiff in effecting the sale to his brother-in-law, Knowles, were gratuitous so far as the defendant was concerned, especially in view of the refusal of the court to give the second instruction asked by defendant.[1] But it seems to us that this position is not sustained, but is fairly answered by a reference to the charge already referred to. For the court told the jury that if they found that the plaintiff was not employed by the defendant to make the sale, but was employed by the purchaser, or if the plaintiff acted on his own motion, or as a mere volunteer, without expecting to be rewarded for his services, there could be no recovery in the action.

Then, in regard to the declarations or assertions made by the defendant in plaintiff's presence at the time the Dillingham letter was received and read in the defendant's office, as testified to by the witnesses in the case. The defendant and his witnesses, Clements and James, testified that when the Dillingham letter was the subject of conversation on that occasion in the presence of the plaintiff, the defendant made the remark that he had told Clements to write Dillingham, and say that no commissions were to be paid to any one on the sale of the property, and that the plaintiff made no reply to this statement, though he must have heard it, and it was partly addressed to him. The court was asked to instruct the jury, that if they found that this remark was made as testified to, it was an assertion which naturally called for contradiction by

---

[1] The instruction asked for by defendant, and here referred to, was as follows: "It is proven beyond question that plaintiff received from Knowles at one time $1,000, and at another time $17,500, on account of this property, which two sums were the entire purchase money; and that he paid over both sums without making any claim to compensation. This is a very strong circumstance indeed to show that he did not at that time intend to claim any compensation for his services; and if he did not then contemplate making any charge for them, he can make none now." — REP.

the plaintiff, as he must have known whether or not the assertion was true; and that his silence or neglect to deny it is to be considered as evidence to establish the truth of the defendant's statement. The court refused to give the instruction, as we think, properly. The fact that the plaintiff did not contradict this remark of the defendant at the time, and prefer his own claim to commissions, was a circumstance, perhaps, of some significance, and could properly be considered by the jury in determining the question whether the plaintiff rendered his services gratuitously or with the expectation of being paid for them. But his silence or neglect to contradict the remark would at most only tend to prove the truth of the defendant's claim; it certainly was not "evidence to establish" it. Things established by evidence are things satisfactorily proven. It was doubtless in that sense that the words were used in the instruction, or they were liable to be so understood by the jury. Instead of giving the instruction, the court did, in effect, charge that if the jury found from the evidence that the defendant asserted on that occasion that he was not to pay any commissions to any one on the sale of the premises, intending by that assertion to include the plaintiff, and that the plaintiff so understood it at the time, and failed to make reply, or assert to the contrary, this was to be taken into consideration *as a fact in corroboration of the testimony of the defendant, but to no greater extent.* This charge was likewise excepted to as being incorrect. But the charge must manifestly be construed in connection with what directly precedes it, which serves to determine its meaning; and that was, in substance, that the plaintiff was not precluded from asserting his right afterwards, if he failed to assert his claim when the defendant said in his presence that no commissions were to be paid to any one. In other words, the fact that the plaintiff did not then prefer his claim to commissions, but was silent, did not operate to estop him, or preclude him from asserting his right afterwards, but was a circumstance strengthening or confirming the defendant's testimony on the subject, but could have no greater weight or effect given to it. We can see no ob-

jection to the charge with this construction, which we think is the fair and natural one. Nor can we see any ground for the application to the facts of this case, of the maxims cited on counsel's brief: *qui tacet, consentire videtur* — silence implies consent (Broom, 620); or, *qui tacet, consentire videtur, ubi tractatur de ejus commodo* — he who is silent is considered as assenting, when his own convenience is the subject matter (Best's Ev., § 521). It is conceded that the plaintiff's silence, under the circumstances, did not amount to a technical estoppel, because the contract between the defendant and the purchaser had already been executed. But it is said that no reason is suggested why the plaintiff did not then and there contradict the remark of the defendant, and that it is every man's experience that he would have done so had it been untrue. How far the plaintiff was bound by the rules of good manners and open conduct to contradict the remark of the defendant, knowing it to be untrue or contrary to his understanding of the matter, may be an interesting ethical question. But so far as his silence on the occasion had any bearing on his legal rights or claim, full effect seems to have been given to it in the charge.

There are other exceptions taken to the charge of the court, but we do not deem them of sufficient importance to require any special notice. It seems to us the questions of fact were submitted to the jury on proper instructions.

*By the Court.* — The judgment of the county court is affirmed.

