MURPHEY, Respondent, vs. GATES, Appellant.

*February 4 — February 23, 1892.*

*Contracts: Attorney and client: Evidence: Statute of frauds.*

1. Plaintiff wrote several letters to defendant asking payment of a balance claimed to be due and reiterating the contract under which he made such claim. Defendant did not reply to any of them or deny any of the statements therein. *Held,* that the letters were admissible as evidence of the contract.

2. One B., who had been arrested and required to give bond for his appearance, left the state. His surety, being interested is securing his discharge, employed an attorney who had made a motion on behalf of B. to vacate the order of arrest, to prosecute an appeal from an order denying such motion. In an action by such attorney against the surety to recover for his services, the testimony of the attorney as to conversations with the surety in relation to the probability of B.'s returning to the state was admissible as tending to show why the surety took upon himself the expense of the further litigation.

3. An entry in the attorney's books was admissible, in such case, as tending to show to whom the credit was given.

4. The deposition of B. as to how much he had paid the plaintiff for his services, whether the plaintiff had ever written to him asking payment, how much he was indebted for the services, and whether he had secured the plaintiff, was properly excluded, as the case rested on the theory that the defendant employed the plaintiff on his own account and became originally bound to pay for the services.

5. The defendant having an interest in the litigation, and having employed the plaintiff on his own account, his promise to pay for the services was not void because not in writing, under the statute of frauds (sec. 2307, R. S.).

APPEAL from the Superior Court of *Milwaukee* County.

Action to recover an unpaid balance for services rendered by plaintiff as an attorney at law and for his disbursements. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

The cause was submitted for the appellant on the brief of *Glenway Maxon,* and for the respondent on that of *N. S. Murphey, in pro. per.*

Murphey vs. Gates.

ORTON, J. This action was brought by the plaintiff before a justice of the peace to recover of the defendant the unpaid balance of what he agreed to pay for the plaintiff's professional services as an attorney at law, and his disbursements, in the case of Warner against Benjamin and Bates, on appeal to this court. [75 Wis. 278.] The plaintiff recovered before the justice, and also in the superior court on the appeal of the defendant. The facts are in brief as follows:

Bates was arrested in said action, and required to give a bond of $10,000 for his appearance; and the defendant became his surety in said bond, and Bates left the state. The plaintiff, as attorney in the case, made a motion to vacate the order of arrest, which was denied, and the plaintiff took an appeal to this court from said order. The plaintiff prepared the case for the printer, and thereupon wrote to the defendant, in effect, that the record was ready to be printed, and the appeal was in danger of being dismissed at any time, and that he was ready to proceed on receiving the necessary money to print the record, which Bates had failed to advance; and that he, the defendant, had an interest in the litigation, and he deemed it proper to advise him concerning the same. Within a month after this letter was written the parties met, and the plaintiff told the defendant that he could go no further in the case unless some one would advance the money to pay for the printing of the case. The defendant then promised and agreed to pay the plaintiff $200 for such purpose. It was only on this credit of the defendant that the plaintiff would consent to proceed any further in the case. The defendant afterwards paid the plaintiff $100, and wished him to wait for the balance until after the argument of the case in this court. On this agreement alone the plaintiff proceeded to have the case printed, and to attend to the case in this court, and rendered all the necessary services therein; and the defendant,

after repeated requests, has failed to pay the said $100. These facts are established substantially by the plaintiff's testimony. The errors assigned by the appellant are:

1. That the court erred in receiving in evidence several letters of the plaintiff to the defendant, asking him to pay the balance of said $200, and reiterating the contract; and the defendant did not reply to any of them, or deny the truth of what they contained. The failure of the defendant to respond to these letters, or to deny in any form the statements therein, is a tacit admission of them, and to that end the letters of the plaintiff were admissible. They were *dunning* letters, and are so called by the learned counsel of the appellant, and presented to the defendant the plaintiff's account for his services according to the contract. By his silence the defendant admitted the claim of the plaintiff. *Hinton v. Wells*, 45 Wis. 268. They were not very material, for the defendant admitted the contract in his evidence, and claimed only that it was made on behalf of Bates; but they were competent.

2. That the court erred in admitting the plaintiff's testimony of conversations with the defendant in relation to the probability of Bates returning to the state. This testimony was not very material, but it tended to show the reason why the defendant took upon himself the expenses of the further litigation.

3. The entry made in the plaintiff's books tended to show to whom the credit was given, and in that view was proper, and that was the reason of its admission stated at the time and in the instructions of the court relating thereto.

4. The court did not err in rejecting the answers of Bates to questions in his deposition, as to how much he had paid the plaintiff for his services, and whether the plaintiff had ever written to him, and as to how much he was indebted for the same, and whether he had secured the plaintiff, etc. Such evidence was irrelevant. The case rested upon the

theory alone that the defendant employed the plaintiff on his own account to discharge these services and became originally bound to pay for the same by his own promise and engagement. It was not the debt of Bates.

5. The contract was not void by the statute of frauds because not in writing, as one answering for the debt or miscarriage of another. The defendant had a contingent liability in the case on the appearance bond of Bates, and Bates had left the state. He was clearly interested in the suit, and sufficiently so to employ legal counsel in trying to vacate the order of arrest and thus discharge himself from the bond. He made the promise for himself and on his own account, and the plaintiff trusted him alone as a party interested in the suit, and the services were rendered to and for him alone. Under such circumstances, the statute does not apply. *Hewett v. Currier*, 63 Wis. 395; *Young v. French*, 35 Wis. 116; *Weisel v. Spence*, 59 Wis. 301; *Clapp v. Webb*, 52 Wis. 641; *Hoile v. Bailey*, 58 Wis. 434. The instructions relating to this question were correct.

6. The court did not err in instructing the jury that the defendant had an interest in the suit, whether the contract was made or *attempted* to be made. That he had an interest in the suit, and that he made the contract, are two independent propositions.

The merits of the case are clearly with the plaintiff, and there appears to be no error in the record.

*By the Court.*— The judgment of the superior court is affirmed.