HARDY, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 27—June 4, 1912.*

*Rape: Identity of offender: Evidence: Sufficiency: Competency: State-
ments in presence of defendant: Instructions to jury: Argu-
ments of counsel.*

1. In a prosecution for the rape of a girl eight years old, her testi-
mony, corroborated by that of two children with whom she
had been playing and by other evidence, together with proof
of a former conviction of defendant for a similar offense, and
his conflicting and contradictory testimony in an attempt to
establish an *alibi*, *held* sufficient to establish the fact that he
was the person who committed the crime.

2. Upon a criminal trial, evidence that the accused, when charged
with the offense, or when declarations touching his guilt were
made in his presence and hearing, remained silent when it
would have been proper for him to speak, is competent.

3. There was no error in such a case in charging the jury to the
effect that testimony as to declarations made in the presence
of defendant is only to be considered on the question of iden-
tity and for no other purpose, and that statements made in
his presence and not denied, disavowed, or explained by him
when he had an opportunity to do so may be considered by
the jury; nor in refusing to give a requested instruction that
testimony "as to what was stated in the presence of the de-
fendant and any officers accompanying him concerning the
identity of the person who committed the crime charged . . .
must be received and considered by you only concerning its
effect upon the demeanor of the defendant at the time he was
confronted with such identification."

4. It was not prejudicial error, in such case, to permit counsel
for the state to discuss to the jury a case previously tried in
the same court, the jury being instructed that such discussion
had no bearing on the question of the guilt or innocence of
the defendant, but that it was not improper to use it by way
of explanation and illustration, and that it could only be so
considered by them.

ERROR to review a judgment of the municipal court of
Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

*Lyman G. Wheeler,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Russell Jackson,* deputy attorney general, *Winfred C. Zabel,* district attorney, and *Andrew Gilbertson,* assistant district attorney, and oral argument by *Mr. Jackson* and *Mr. Gilbertson.*

KERWIN, J. The plaintiff in error, hereinafter called defendant, was convicted of the crime of rape upon Gertrude Boerner, a girl between seven and eight years of age, and sentenced to imprisonment in the state prison at Waupun for the term of twenty-five years. The defendant brings the case here and asks reversal on the ground of alleged error.

1. It is first contended that the evidence is not sufficient to support the conviction. It is not disputed that the crime was committed, but it is argued that the evidence is not sufficient to establish that defendant is the person who committed it, therefore the court erred in denying a new trial and in refusing to discharge the defendant. As said by counsel for defendant, "The whole issue in this case is whether *George Hardy* committed the crime, or some other person unknown."

Under this head counsel for defendant argues that the great weight and preponderance of the evidence in the case is with the defendant and not with the state; that the evidence relating to identity of the person who committed the crime is vague and uncertain and rests upon the evidence of three little children; that the identity of defendant as the person who committed the crime was not established; and that the evidence on the part of defendant established an *alibi.*

The crime was committed between 8 and 8:30 o'clock in the evening of May 17, 1909, in a shed or barn a short distance from the place where the said Gertrude Boerner, hereinafter called Gertrude, was playing with other children

shortly before the offense was committed. She testified that she was playing on the steps of the Mischke residence, next door to her parents' residence, on the evening in question, in company with Hilda Mischke, Wallie Mischke, and her brothers Rollie and Gilbert; that defendant took her back of the Mischke and Boerner residences, through an alley, to a blacksmith shop; that he pulled her along and choked her when at or near the blacksmith shop, and then took her into a barn across from the blacksmith shop; that there were shavings in the barn upon which he threw her and committed the crime. She identified the defendant as the person who committed the offense and gave quite an accurate description of the clothes which he wore; that after defendant had committed the offense he left her in the barn and went away and shortly afterwards she went home and an examination disclosed that the offense had been committed; that defendant told her before he left that she must not tell any one about it; that he lived across the street from the Boerner residence, and that she saw him twice before the offense was committed. True, she made many contradictory statements in her evidence, which are urged against its credibility, but in view of her age, inexperience, and unfamiliarity with court proceedings this is not surprising. In fact, her testimony upon the salient points in the case is quite convincing, and its credibility was clearly for the jury. Moreover, the testimony of Gertrude respecting the defendant taking her through the alley towards the barn and his presence where the children were playing just before taking her is strongly corroborated by the Mischke children, Wallie and Hilda. They both identified defendant as the person who took Gertrude through the alley toward the barn and told the other children to go back, and after they had gone back proceeded with Gertrude toward the barn where the offense was committed.

The defendant denies commission of the crime or that he

took Gertrude to the barn, and attempts to prove that he was elsewhere between 8 and 8:30 on the evening in question. His testimony, however, is conflicting and contradictory and is out of harmony with the evidence of other witnesses as to his whereabouts on the evening in question. The credibility of his evidence was for the jury. It would serve no useful purpose to detail the evidence of the witnesses on this subject. There is also other evidence than that of Gertrude and Hilda and Wallie Mischke corroborating the state's case, besides proof of conviction of plaintiff on a former occasion for assault on a girl seventeen or eighteen years of age. It is sufficient to say that after a careful examination of the record we are convinced that the evidence is ample to support the verdict.

2. Error is assigned upon the admission of evidence of Mrs. Boerner as to what her little boys said respecting identity of defendant when defendant was brought into their presence. The twin Boerner children, Roland and Gilbert, about six years old, were produced in court. Roland was examined by the court with regard to his qualifications to testify, and the court reserved its rulings on qualifications and allowed the boy to stand aside and he was not called again. Gilbert was also examined as to qualifications and ruling reserved. He also was told to stand aside. So neither of the Boerner twins testified upon the trial below. The mother, however, was permitted to testify concerning the officers bringing the defendant before these children on May 18th after commission of the crime. She testified, under objection, that the defendant was brought into the store in presence of one of the twins and that she heard the boy say "That is he." Motion to strike out this statement was denied, and such denial and the admission of the evidence are complained of as prejudicial error. Gertrude's father also testified, under objection, that one of the twins, in answer to a policeman, stated in the presence of defendant that defendant was

the one who showed him the little cats.  There is evidence
that before defendant took Gertrude back through the alley
he said to the children that he wanted to show them some
little cats..

Complaint is made by counsel for defendant that no op-
portunity was offered to cross-examine the twins when they
were examined as to qualifications by the court.  But none
was asked by counsel when they were on the stand, nor was
any request made to recall them for cross-examination.  The
chief objection, however, under this head is that it was error
prejudicial to defendant to permit the statements of what
the twins said in his presence respecting identity to be put
in evidence; that the evidence was hearsay and incompetent.
The evidence tends to show that defendant made no denial
when he was confronted by the twins and other children and
identified as being the person who led Gertrude away.  The
defendant when on the stand was asked what he said when
the children identified him and his reply was that he said
nothing.  There is also evidence of other witnesses that when
defendant was in the presence of the children who accused
him he said nothing, but looked down.  The evidence as to
how defendant acted when accused by the children would
justify the jury in believing that such acts indicated a con-
sciousness of guilt.  The statements of the children referred
to were made before defendant had been arrested.  An in-
vestigation of the matter was being made and defendant
knew it when the charges of his identity by the children were
made.  He was under no restraint, and no cogent reason ap-
pears why he should not have denied the charges when made,
and the fact that he did not do so was proper for the con-
sideration of the jury.  We think the evidence was admis-
sible.  Upon a criminal trial, evidence that the accused,
when charged with the offense, or when declarations touching
his guilt were made in his presence and hearing, remained
silent when it would have been proper for him to have spoken,

is competent. And it has been held that it is no objection to
the admission of the evidence that the accused was, at the
time, under arrest. *Kelley v. People,* 55 N. Y. 565; *People
v. Wennerholm,* 166 N. Y. 567, 60 N. E. 259; 2 Wigmore, Ev.
§ 1072; *Donnelly v. State,* 26 N. J. Law, 463; Burrill, Cir-
cumstantial Ev. sec. XXIV, pp. 482, 483; *Hochrieter v.
People,* 2 N. Y. Ct. of App. Dec. 363; *Rex v. Bartlett,* 7
C. & P. 832; *Johnson v. State,* 17 Ala. 618; *People v. Mc-
Crea,* 32 Cal. 98; *Rex v. Smithies,* 5 C. & P. 332; *Spencer v.
State,* 20 Ala. 24.

3. The following part of the charge is complained of:

"The testimony of any witness in this case as to the dec-
larations of any witness made in the presence of the defend-
ant is only to be considered on the question of identity and
for no other purpose. Statements made in the presence of
the defendant and not denied, disavowed, or explained by
him may be considered by the jury, and if the defendant had
an opportunity to deny, disavow, or explain such statement
at the time."

Each sentence is separately excepted to.

The question of identity, whether the defendant was the
person who led Gertrude through the alley, was the control-
ling question in the case, and of course within the knowledge
of defendant. Under the authorities heretofore cited, dec-
larations made in the presence and hearing of the defendant
charging him and not denied by him were admissible against
him. The court did not tell the jury that the statements of
the children amounted to evidence of guilt, or evidence that
defendant was the person who took Gertrude through the
alley, but only that such evidence might be considered on the
question of identity when made in the presence of the defend-
ant and not denied, disavowed, or explained by him when he
had an opportunity to do so. The instruction as far as it went
was proper. If more specific instruction were required it
should have been requested. But counsel for defendant com-

plains because the court refused to give the following instruction:

"You are in structed that the testimony of any witness upon the trial of this action, as to what was stated in the presence of the defendant and any officers accompanying him concerning the identity of the person who committed the crime charged in the complaint, must be received and considered by you only concerning its effect upon the demeanor of the defendant at the time he was confronted with such identification."

We think there was no error in refusing to give this instruction. The instruction would not have further enlightened the jury. They were charged that statements made in the presence of the accused under certain circumstances relating to demeanor might be considered by them on the question of identity. The instruction requested, if given, would be more likely to mislead than to enlighten the jury. By it no guide was given to the jury by which they could properly weigh the demeanor of the defendant. They were not told what effect should be given silence, acts, or declarations of defendant when confronted with the charges. 2 Wigmore, Ev. § 1072.

4. Error is assigned because the court permitted counsel for the state to discuss to the jury a case which had been tried in the municipal court of Milwaukee county some time prior to the trial of the instant case. On this matter the court below instructed the jury that the discussion had no bearing on the question of the guilt or innocence of the defendant, but that it was not improper to use it on the question of explanation and by way of illustration, and that it could only be so considered by them. We find no prejudicial error under this head.

After a careful examination of the record we are of the opinion that the defendant had a fair trial, and that no prejudicial error was committed.

*By the Court.*—The judgment of the court below is affirmed.