WILLIAM J. BARRY *vs.* PETER H. MACNEILL.

Suffolk. March 7, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Competency, Relevancy and materiality, Self-serving, Letter.

At the trial of an action of contract by an attorney at law upon an account for professional services alleged to have been rendered to the defendant, or to a certain corporation at the request of the defendant, who had no authority from the corporation to employ the plaintiff, the plaintiff offered in evidence a letter written by him to the defendant, reporting that he had had interviews with certain persons and had examined copies of pleadings in a certain suit and that it was necessary for him to examine more carefully corporate records of the corporation relating to specified matters, and requesting that such records be furnished to him at the defendant's early convenience. The defendant objected to the admission of the evidence on the ground that the letter was a mere self-serving statement requiring no reply and that a failure to answer it could not be considered as an admission of the facts alleged therein. *Held*, that the writing of the letter, viewed in the light of all the evidence relating to the character of the services, might be found to have been as much a part of the plaintiff's work as any of the items upon which he relied in his declarations and that the letter was admissible in evidence.

CONTRACT upon an account annexed for $1,000 alleged to be due to the plaintiff for legal services. Writ dated October 11, 1922.

In the Superior Court, the action was tried before *Callahan,* J. The letter referred to in the opinion as dated October

18, 1921, was from the plaintiff to " Peter H. MacNeill, Esq. Secretary, American Voting Machine Co., 107 Federal Street, Boston, Mass." and read as follows:

" In re Weber, Trustee *v.* Nickels et als, confirming my telephone conversation, I have interviewed Messrs. McDonough, Webber and Barnes, have secured copies of all pleadings and have made an exhaustive examination of the law in this case.

" It is necessary for me to examine most carefully the corporate records of the American Voting Machine Company, in reference to the various votes passed, pertaining to the appointment of Mr. Nickels as fiscal Agent and the vote which I understand was passed by the directors that the above suit be terminated upon the waiver by Mr. Nickels of his alleged agreement for $152,000.

" May I have these records and minutes of the various meetings at your earliest convenience as I should like to finish my investigation and render my opinion while the matter is fresh in my mind?"

Other material evidence is described in the opinion.

The jury found for the plaintiff in the sum of $718.51. The defendant alleged exceptions.

*F. J. Donahue,* for the defendant, submitted a brief.

*M. T. Hall,* (*W. J. Barry* with him,) for the plaintiff.

BRALEY, J.  The plaintiff, a member of the bar, sues in contract to recover the value of professional services rendered the defendant, or the American Voting Machine Company at the defendant's request, who had no authority from the company to employ him.  The jury could find on the plaintiff's testimony that he called the defendant by telephone, " and told him what I had been doing up to that minute, and said it was necessary for me to have those corporate records and look them all over from the beginning to the end of the corporation."  In confirmation of this conversation, the plaintiff wrote October 18, 1921, and caused to be mailed, a letter, the admission of a copy of which in evidence, the original not having been produced, is the only exception shown by the record.  It was for the jury to determine notwithstanding his denial, whether the defendant received

the letter, stating that the plaintiff had " made an exhaustive examination of the law of this case," and requesting the records and minutes of the various meetings of the corporation, without a full examination of which he would be unable to render an opinion.   The defendant contends, that the letter was a mere self-serving statement requiring no reply, and that failure to answer it could not be considered as an admission of the alleged facts as therein contained.   *Pye* v. *Perry,* 217 Mass. 68, 71.   It is manifest, however, that the letter, which referred with sufficient detail to what he had been doing, and to the necessary investigation which still remained, is not open to this objection.   The writing of this letter, viewed in the light of all the evidence relating to the character of the services, the jury could say was as much a part of his work as any of the other items in the account annexed. *Salisbury* v. *Gourgas,* 10 Met. 442, 444.   *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 18.

*Exceptions overruled.*