McDONALD, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 11—June 20, 1927.*

*Criminal law: Burglary in nighttime: Reversible error: Evidence: Admissions of defendant: Weight: Testimony not objected to on trial: Search of suitcase of accused: Waiver of objection to search: Trial: Motion of district attorney to cross-examine accused: Remarks to jury: Continuance: To enable newly-engaged attorney to prepare for argument: Appeal: Bill of exceptions.*

1. Evidence properly admitted, most of it without objection, is *held* to warrant a finding beyond a reasonable doubt that defendant was guilty of burglary in the nighttime. p. 206.
2. It is not sufficient to warrant reversal of a judgment to show that errors were committed in a criminal trial, but it must further appear that such errors affected the substantial rights of the defendant and that substantial justice has not been done the defendant. p. 207.
3. The weight to be given to the failure of the defendant to deny the accusation of crime as an admission depends on the peculiar circumstances of each particular case, and is a question to be determined by the jury; but the fact that he was under arrest when he was accused of committing a crime and when he made statements in reply thereto is no objection to the admissibility of the statements. p. 208.
4. In a prosecution for burglary, the admission, over the objection and exception of the defendant, of the testimony of a police officer as to statements by the receiver of the stolen

property, in the presence of the defendant, that he purchased the stolen property from him, was not prejudicial error, notwithstanding the qualified denial of the defendant, where other officers were permitted subsequently to testify to the same conversation without objection or motion to strike out. p. 209.

5. Police officers who searched the store of the "fence," which was not the residence of the defendant, under a warrant authorizing them to search the entire premises and anything found therein, did not violate the person or the house of the defendant in searching his suitcase, found therein, where he admitted it belonged to him and made no objection to the search; and parol evidence of the contents of the suitcase, which had been returned to the defendant on his demand, was admissible. pp. 209, 210.

6. A request of the district attorney for permission to cross-examine the accused because, though the accused was not sworn as a witness, he wrote his name on a piece of paper for the purpose of comparison of handwriting, was not prejudicial, where the court refused to permit cross-examination. p. 210.

7. A statement by the district attorney in his argument that the prosecution had cost the county a lot of money, while improper, was not prejudicial, where the court promptly sustained an objection thereto and instructed the jury to disregard it. p. 210.

8. The refusal of the trial court to continue the hearing of defendant's motion for a new trial to permit an attorney who had been engaged subsequent to the trial to prepare his argument on the motion was not an abuse of discretion, where counsel who had conducted the case was in court with defendant and such new counsel. p. 211.

9. In view of the fact that the whole case was presented on the merits and that it involves the liberty of defendant on a charge of burglary, an objection that the bill of exceptions was not settled within one year from the time sentence was imposed will not be considered; but parties should be held to a reasonably strict compliance with the rule. p. 211.

ERROR to review a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

*George McDonald* was found guilty of the burglary of the Gross-Krueger store at Green Bay, Wisconsin, in the

nighttime and was sentenced to the Wisconsin state prison for an indeterminate term of from one to ten years.

*J. Wilfred Frenz* of Baraboo, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Raymond E. Evrard,* district attorney of Brown county, and *Lee H. Cranston,* assistant district attorney; and the cause was argued orally by *Mr. Cranston* and *Mr. Messerschmidt.*

The following opinion was filed March 8, 1927:

STEVENS, J. (1) The evidence establishes the fact that goods stolen at the time that the burglary in question was committed were found in the possession of a fence, a receiver of stolen goods, in Chicago; that defendant admitted that he was selling goods for this fence and that one of his own witnesses testified that the defendant solicited him to buy clothing of this fence; that defendant's suitcase contained a burglar's jimmy, bits and a brace, and a diagram of a Yale lock which had been taken apart, and that the burglars gained entrance to the store by boring out a panel of a door by the use of a bit and brace. There is also evidence that the defendant was seen across the street from the store, which was burglarized at one o'clock in the morning of the night upon which the burglary was committed. The man who identified him observed him carefully on two different occasions at that time.

All of the facts recited above are established by evidence which was properly admitted, most of it without objection. This proof is sufficient to warrant a finding beyond a reasonable doubt that the defendant was guilty of the burglary of which he was convicted.

(2) The case presents the questions (a) whether errors were committed in the trial, and, (b) if such errors were committed, whether the court can say that but for such

errors a result materially more favorable to the defendant would probably have been reached by the jury. Under our present practice it is not sufficient to warrant a reversal of a judgment to show that errors were committed in the trial. It must further appear that such errors affected the substantial rights of the defendant and the court must be satisfied that substantial justice had not been done the defendant.

(3) The only doubtful question in the case is presented by the evidence of a police officer who testified that he asked Sovetsky, the fence, in the presence of *McDonald:*

" 'Who is this man,' indicating *McDonald*. He says, 'That's *McDonald*.' I says, 'Do you know him?' He says, 'Yes.' I says, 'What do you know about him,' and he says, 'He is one of the fellows that sold me that stuff that Gross identified from Green Bay.'

"*Q*. Go ahead. *A*. I says, 'How many suits of clothes have you bought from this fellow?' 'Oh,' he says, 'I got over 10,000 suits.'

"Defendant's Counsel: *Q*. Was that in the presence of the defendant? *A*. Yes. I says, 'When did you find out they were stolen suits you were buying?' He says, 'After I bought the first load.'

"Defendant's Counsel: I object to any further statement made by Sovetsky.

"The Court: These statements were made in the presence of the defendant *McDonald? A*. Yes.

"The Court: Objection overruled. Exception."

The police officer further testified that Sovetsky said that *McDonald* told him:

" 'You needn't be afraid of this stuff—this comes from out of town; you are safe in handling this; you won't get into any trouble with it.' I asked *McDonald,* 'What have you got to say, *Mac?*' He says, 'Why, I never sold this fellow anything; all I done for him was to peddle the stuff for him.'

"Defendant's Counsel: There is evidence now that the defendant denied it at the time; that makes this statement

inadmissible in evidence; and I ask the jury be instructed to disregard it.

"The Court: Objection overruled.    Exception."

This testimony was received upon the theory that it constituted an admission by the defendant.    This rule "finds its origin in the common knowledge of mankind of human nature, and involves the reaction which takes place in every normal being upon being charged with crime.    It takes cognizance of the resentment which naturally follows an accusation of crime of which the accused is not guilty, and briefly reproduces before the jury the demeanor and conduct of the accused under the circumstances involved.    It is oftentimes of great value in establishing the identity of the accused, in fixing his whereabouts at or about the time of the commission of the crime, of his possession and ownership of certain instrumentalities used in the commission of crime, and of numerous incidents of vital importance in establishing guilt in a criminal trial."    *McCormick v. State,* 181 Wis. 261, 271, 194 N. W. 347.    The weight to be given such admissions depends upon the peculiar circumstances involved in each case.    This is a question to be determined by the jury.

The defendant interposed no denial to the several statements which tended to connect him with this offense until he was asked by the police officer what he had to say.    His denial was a qualified one and was not as direct and spirited as might be expected from one who was accused of so serious a crime.    The fact that he was under arrest at the time these statements were made in his presence is no objection to the admission of the evidence.    *Hardy v. State,* 150 Wis. 176, 181, 136 N. W. 638.

Thereafter other police officers who were present at the time of this conversation repeated substantially the same testimony as that given by the first officer, which is recited above, without any objection on the part of the defendant

and without any motion to strike out any of that testimony after it had been given. If the testimony of the first police officer, detailed above, stood alone it would raise a serious question as to whether prejudicial error had not been committed by the admission of this evidence. If the denial of the defendant had been made promptly and directly, instead of in a belated and qualified way, the record would have presented a much closer question. But it is not necessary to determine whether the admission of this testimony constituted prejudicial error because the defendant permitted these other police officers to detail the same conversation without making any objection to their testimony and without moving to strike out this evidence.

"Under this state of the case we cannot perceive how defendant was injured by the reception of the evidence objected to and in having it submitted to the jury with other like evidence in the case received without objection. Defendant, having acquiesced in permitting a considerable amount of such evidence to be received in the case, could not be injured by other items of the same kind of evidence, for it is apparent that this additional evidence on the same subject was simply cumulative and could not operate to his injury. Therefore its reception was not prejudicial error." *Redepenning v. Rock,* 136 Wis. 372, 377, 117 N. W. 805.

(4) When the officers were proceeding under a search warrant to search the store of the fence they found a suitcase in the store which defendant said was his property. The warrant gave the officers the right to search the entire premises and anything found therein. This store was not the house or place of residence of the defendant. So far as the evidence disclosed the facts the store was in the exclusive possession of the fence. In searching this suitcase the officers did not violate the person or the house of the defendant. The defendant admitted that the suitcase belonged to him and made no objection to the search. Under these circumstances

the suitcase and its contents could have been admitted in evidence, if produced. No error was committed in admitting parol evidence of the contents of the suitcase. The suitcase had been delivered to the defendant upon his demand and the State was not able to produce the articles contained therein for the purpose of offering them in evidence.

(5) During the trial, at the request of his own counsel, defendant, without being sworn as a witness, wrote his name on a piece of paper to be used for purposes of comparison of handwriting. The district attorney then asked the court to permit him to cross-examine the defendant on the theory that the defendant had made himself a witness in his own behalf by writing his name in court for use upon the trial. Without objection being made by the defendant the court announced the ruling: "Objection overruled." The district attorney evidently understood that the court had ruled that he might cross-examine the defendant and asked the defendant to take the stand. But no question was put to the defendant because the court immediately informed the district attorney that he had overruled his motion. After a recess of the court the district attorney made the same request again. Objection was made by defendant's counsel and no cross-examination of the defendant was permitted by the court. The question whether the defendant had made himself a witness in his own behalf by the writing of his name is an interesting one which need not be determined in this case because we are satisfied that the rights of the defendant were in no way prejudiced by the request of the district attorney that he be permitted to cross-examine.

(6) In argument the district attorney stated that the case had cost the county a lot of money. This was an improper statement. The court very promptly sustained an objection to the statement and immediately instructed the jury to disregard it. Because of this ruling and instruction

we are satisfied that this remark did not prejudice the substantial rights of the defendant.

(7) After the verdict was returned the defendant made a motion for a new trial. He appeared in court with the attorney who had conducted the defense and with another attorney who had not theretofore participated in the case. A request was made for a continuance in order to permit the attorney who had just been retained to prepare for an argument upon the motion. In view of the fact that counsel that had conducted the case was in court with the defendant and his new counsel we think the request presented a matter addressed to the sound discretion of the court, and we find no abuse of discretion in the court's refusal to continue the hearing of motions to a later date.

The court has carefully considered all the numerous assignments of error. Only those which might have affected the substantial rights of the defendant have been discussed. After a careful review of the entire record it is the solemn judgment of the court that the defendant is guilty of the offense charged and that substantial justice was done him in the trial of the case.

(8) Objection is made because the bill of exceptions was not settled within one year from the time when sentence was imposed. In view of the fact that the whole case has been presented upon the merits and in view of the fact that the case involves the liberty of the defendant we do not pass upon this objection; but we take this occasion to observe that there is every reason for holding parties to a reasonably strict compliance with the rule. In recent years much has been said and written in regard to the delays incident to litigation, and it is only by the firm application of procedural rules by the trial courts that such delays can be prevented. Mere unexcused lapses should not avail a party, neither should trial courts take the view that the application for an

order to extend the time within which a bill may be settled is in any way personal to them because it may result in the denial of a right of appeal from a judgment of the trial court. The question presented is much larger than that. It relates to the whole scope of the administration of the law, and if parties are not held to a reasonably strict rule one of the fundamental purposes of our system of jurisprudence, which, as declared by sec. 9, art. I, of the constitution, is that 'Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws,' will be defeated." *Ward v. Racine College,* 176 Wis. 168, 175, 176, 185 N. W. 635.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 20, 1927.