Borger, Respondent, vs. McKeith and another, Appellants.

*February 6—March 5, 1929.*

For the appellants there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee.*

For the respondent there was a brief by *Geo. H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

OWEN, J. The defendant Carl McKeith is the proprietor of a garage at Galesville, Wisconsin. On and prior to October 9, 1927, one Russell Jenks was a mechanic in his employ. On Sunday, October 9, 1927, he took a second-hand car belonging to McKeith and, with his wife, drove to La Crosse. Upon his return, while driving through the city of Onalaska, after dark, about 7:15 o'clock in the evening, his car struck the plaintiff, causing personal injuries.

The principal issue litigated upon the trial was whether Jenks was acting as the agent of McKeith. The court was of the opinion that the evidence did not establish such agency and directed a verdict for the defendant. Upon a consideration of the motion for a new trial, however, the court came to a different conclusion and, for that reason, entered an order granting a new trial. The appeal is from that order, and the question we have to consider is whether the record presents evidence which would have supported a verdict in plaintiff's favor.

There is no question but that Jenks was driving a car belonging to McKeith. This alone made a *prima facie* case for the plaintiff and placed upon the defendant the burden of proving the contrary. *Enea v. Pfister,* 180 Wis. 329, 192

N. W. 1018. In order to justify the direction of a verdict it was necessary that the evidence on the part of the defendant be so clear and convincing as to overcome the probative force of the inference justified by the fact of ownership. *Ibid.* While there is some criticism of the order in which the evidence was introduced, comment upon which we do not consider necessary, the record discloses that at one time or another during the trial the following evidence was received: Jenks testified that his parents as well as the parents of his wife lived in La Crosse, and, on the Sunday in question, he took a second-hand car from the garage at Galesville and went to La Crosse for the purpose of visiting his parents as well as the parents of his wife, and that on the way back he stopped at an automobile supply place to see if he could get a repair part for a Willys Knight car. He testified that he needed a new timing chain for a Willys Knight car upon which he was working at the garage in Galesville; that he frequently stopped in at this supply place for parts, and, as a mere incident to his trip to La Crosse, he stopped in to see if he could get the timing chain which he needed in the repair work upon the Willys Knight car.

The defendant McKeith testified that the car used by Jenks on the trip in question was a car which he had taken in on a trade; that it was not used for garage purposes, and that, on the Sunday in question, he had permitted Jenks to use the car for his own purposes; that he did not send Jenks to La Crosse to get repair parts for the Willys Knight car, and that Jenks did not go to La Crosse pursuant to McKeith's direction or for McKeith's purposes.

Stanley Gordon, the attorney who tried the case, took the stand and testified that sometime before the commencement of the action he called at McKeith's garage and asked for Russell Jenks. He was directed down-stairs. McKeith followed him down and was present while he had a conversation with Jenks, in which he asked Jenks what he was doing

at La Crosse on that day, and Jenks said he went to La Crosse to get some parts for a Willys Knight car they were repairing. He asked him whether he was sent down for that part and he said he was. Jenks denied this conversation and denied that he told Gordon that he was sent to La Crosse to get this part for the Willys Knight car. Gordon also testified that on the day before drawing the complaint in this action he had a telephone conversation with McKeith and asked McKeith if he recalled the conversation between him, Gordon, and Russell Jenks at which time Jenks told him that he had gone to La Crosse to get some parts for a Willys Knight car that he was repairing in McKeith's garage, and McKeith replied, "Yes, that is correct;" that Gordon then asked him, McKeith, "Did you send Russell Jenks to La Crosse to get the repair parts for the Willys Knight car," and McKeith replied, "Yes, I did, but he couldn't get them."

The admissibility of Gordon's testimony concerning what Jenks told him at the garage is challenged because, it is said, the fact of agency cannot be established by declarations of the agent made out of court. It is true that the fact of agency cannot thus be established (*Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713, and cases there cited), but this evidence was admissible because the declarations of Jenks were made in the presence of McKeith, who remained silent and interposed no denial to the truth of such declarations. Under such circumstances the statements made by Jenks were admissible in evidence. While it has been held that such declarations are in and of themselves sufficient to establish the fact (*Kimball v. Post,* 44 Wis. 471), it is generally held that they are not only insufficient for that purpose but barely qualify as evidence at all for any purpose unless, by such silence, the adverse party was induced to change his position to his detriment, in which case estoppel may arise. (As to the latter proposition, see *Moller v. J. L. Gates Land Co.* 119 Wis. 548, 97 N. W. 174). With reference

to the weight generally to be accorded such evidence, see 2 Wigmore on Evidence, § 1018; Jones, Commentaries on Evidence, § 289; *Hinton v. Wells,* 45 Wis. 268; *Murphey v. Gates,* 81 Wis. 370, 51 N. W. 573; *Moller v. J. L. Gates Land Co.* 119 Wis. 548, 97 N. W. 174; *Hardy v. State,* 150 Wis. 176, 136 N. W. 638; *Mahoney v. Kennedy,* 172 Wis. 568, 179 N. W. 754; *McCormick v. State,* 181 Wis. 261, 194 N. W. 347; *Mahoney v. Kennedy,* 188 Wis. 30, 205 N. W. 407; *McDonald v. State,* 193 Wis. 204, 212 N. W. 635. But whatever may be said of the weight of such evidence, it was properly received. Of course the testimony of Gordon concerning his telephone conversation with McKeith was competent and the weight to be accorded it was for the jury to determine. If the testimony of McKeith and Jenks was in no manner discredited, such testimony might and probably would overcome the presumption arising from the fact of the ownership of the car and justify the direction of a verdict in favor of the defendant. But with the presence of Gordon's testimony in the record it became a jury question. If the jury believed Gordon's testimony it then became their duty to decide whether McKeith told the truth upon the stand or in the telephone conversation with Gordon.

While the trial court did not pass upon the question of whether the plaintiff was guilty of contributory negligence as a matter of law, it is urged here that the motion for a new trial should have been denied on that ground. We have carefully examined the record bearing upon the contributory negligence of the plaintiff and we hold that under the evidence that is also a jury question.

The appellants severely criticise Mr. Gordon for acting as a witness while he was the active attorney in the trial of the case, under the doctrine of *Roys v. First Nat. Bank,* 183 Wis. 10, 197 N. W. 237, and other cases of like tenor. Mr. Gordon justifies his conduct by claiming that his testimony was essential to the ends of justice, that he entered

upon the trial of the case without any warning that Jenks and McKeith would not testify in accordance with their prior conversations with him, and that when they did so testify the interests of justice demanded that he take the stand. We are quite certain that Mr. Gordon understood the ethics of the situation, and we have faith that his conduct was prompted by a *bona fide* and high-minded consideration of the proprieties involved. We suggest, however, that the same exigency will not arise upon another trial.

*By the Court.*—Order affirmed.