**NORTH TEXAS TANK COMPANY,**
Appellant,

v.

**I. M. PITTMAN, d/b/a Greenville Automatic Gas Company, Appellee.**

No. 6892.

Court of Civil Appeals of Texas.

Texarkana.

May 3, 1956.

Rehearing Denied May 31, 1956.

G. C. Harris, Greenville, for appellant.

William C. Parker, Allen Clark, Greenville, for appellee.

FANNING, Justice.

This is a plea of privilege case. I. M. Pittman, d/b/a Greenville Automatic Gas Company, sued North Texas Tank Company, a corporation, in the District Court of Hunt County, Texas, for damages for breach of contract. The plea of privilege of defendant corporation to be sued in the county of its residence, Denton County, Texas, was overruled by the trial court after plaintiff's controverting affidavit had been filed and a hearing had on same. Defendant corporation has appealed.

Appellant presents three points, as follows:

"First Point: The court erred in overruling defendant's plea of privilege, since no cause of action was proven against the defendant.

Second Point: Plaintiff having failed to allege and prove that the alleged contract was made with the defendant through its agent, acting within the scope of his authority, the court erred in overruling defendant's plea of privilege.

Third Point: Plaintiff having failed to allege in his petition that the contract sued on was in writing, and having failed to prove that this defendant entered into any contract with plaintiff through a duly authorized agent and employee, acting within the scope of his employment and authority, plaintiff failed to bring himself within either Exception 5 or 23 of Article 1995, and the court erred in overruling defendant's plea of privilege."

We quote from plaintiff's original petition in part as follows:

1

"That plaintiff resides in Hunt County, Texas, and defendant is a corporation duly incorporated under the laws of the State of Texas, with its domicile in Denton, Texas.

2

That plaintiff and defendant entered into a contract on February 11, 1955, wherein plaintiff agreed to purchase from defendant, and defendant agreed to sell to plaintiff, two 12,000 propane U 69 storage tanks, equipped with thermowell, vapor line, rotary gauge, 1¼ inch filler, Re60 3 inch filler No. 2651, 3 inch excess flow, Rockwood valve, at a price of $2,840 each, with delivery to be made by defendant to plaintiff at plaintiff's place of business in Greenville, Texas, thirty days after date of contract. That at the time of the entering into the contract between plaintiff and defendant, defendant was apprised by plaintiff of the urgency of delivery by defendant of the tanks in question on the date specified, time being of the essence of the contract.

3

Plaintiff would further show to the court that after the expiration of thirty days from the date of the contract, which was the delivery date of said tanks, defendant failed to deliver the same. That plaintiff then contacted the defendant to ascertain why the tanks had not been delivered, and defendant's sales manager, Jimmie Brown, informed plaintiff there had been a delay, but shipment of the tanks would be forthcoming within three or four weeks. That plaintiff relying on the promise of defendant's sales manager agreed to wait that additional time. That defendant never delivered said tanks to plaintiff, and by reason of the breach of contract on part of defendant in failing to deliver the tanks in question, plaintiff was forced and compelled to go into the open market and purchase similar tanks at a higher cost than the contract price between him and defendant.

4

Plaintiff would further show to the court that upon the failure of the defendant to deliver said tanks in question, he immediately got in touch with several other manufacturers of propane tanks, but due to the lateness in the season, occasioned by the breach of contract on the part of defendant, he was unable to get 12,000 gallon capacity tanks. That plaintiff was compelled to purchase three 8,280 gallon capacity tanks in lieu of the two 12,000 gallon capacity tanks contracted for with the defendant, and had to pay therefor the sum of $8,406.87. That

by reason of the failure of defendant to deliver the said two 12,000 gallon capacity tanks to plaintiff at the contract price of $5,680.00, plaintiff has been damaged in the sum of $2,726.87."

Defendant filed a plea of privilege in statutory form and stated therein that it was a corporation.

Plaintiff duly filed his controverting affidavit, adopted his original petition as a part of the controverting affidavit, and also in said controverting affidavit alleged in part as follows:

"That this court has venue of this cause under the provisions of Subdivision 5 of Article 1995, Revised Civil Statutes of Texas, 1925, and Subdivision 23 of Article 1995, Revised Civil Statutes of Texas, 1925, which read as follows:

" 'Article 1995. * * * [Subdivision] 5. *Contract in writing.*—If a person has contracted *in writing* to perform an obligation in a particular county, expressly naming such county, or a definite place therein, *by such writing,* suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. * * *

" '[Article 1995. Subdivision] 23. Corporations and Associations.—Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose.' " (Emphasis ours.)

Plaintiff's original petition does not state affirmatively whether the contract sued on was oral or written. However, we think it is reasonably inferable from the allegations contained in plaintiff's controverting affidavit that he was relying on a *written contract* to sustain venue under Subdivision 5 of Article 1995, V.A.C.S. Defendant did not file any special exceptions to plaintiff's original petition or plaintiff's controverting affidavit. The only objections made by appellant were general objec-

tions made at the close of the testimony, none of which made the specific objection that the contract in question was not specifically alleged to be *in writing.* In Gause v. Roden, Tex.Civ.App., 66 S.W.2d 400, 401, it is stated:

"The statute of frauds (Vernon's Ann.Civ.St. art. 3995) requires certain contracts to be in writing, yet the courts hold that: 'Nothing is better settled as a rule of pleading than that in declaring upon a contract required by the statute of frauds to be in writing, *it is not essential to the validity of the pleading that it should aver that such contract was in writing, unless it affirmatively appears from the pleading that the contract was in parol.*' King v. Murray, Tex.Civ.App., 135 S.W. 255, 257, and authorities cited. *Neither from the petition nor the controverting affidavit does it affirmatively appear that the agreement to pay in Foard County was in parol.*

"The venue statute (Vernon's Ann. Civ.St. art. 1995, subd. 5), provides that, if a person has contracted in writing to perform an obligation in a particular county, an exception to the exclusive venue statute arises. If, in declaring upon a contract required to be in writing by the statute of frauds, it is not necessary to the validity of the pleading to allege that such contract was in writing, we see no reason for holding the necessity for alleging in a controverting affidavit that the party sought to be bound agreed in writing to pay in a particular county.

"If appellant had appeared at the hearing on the pleas of privilege in [Cause No.] 374 and made a valid objection to the sufficiency of the controverting affidavits, the appellees could have amended such affidavits. Hoffer Oil Corp. v. Brian, Tex.Civ.App., 38 S.W.2d 596." (Emphasis and last interpolation ours.)

■ Neither from the petition nor the controverting affidavit in this cause does

it affirmatively appear that the agreement to perform in Hunt County was in parol. In fact, we think the controverting affidavit was reasonably sufficient (in the absence of a special exception) to plead that the contract sued on was *in writing*. However, if defendant had made a specific exception or objection that the controverting plea did not spell out clearly that the contract in question was *in writing,* the plaintiff could have amended his controverting affidavit and have alleged the matter more clearly by more direct averments. Defendant did not specially deny under oath the execution by itself or by its authority of the contract sued upon. Defendant in its plea of privilege referred to itself as a corporation and there was no special denial under oath by defendant that it was not a corporation.

Plaintiff, Mr. Pittman, testified with reference to the execution of the written contract in question between him and defendant, with defendant making the written contract through its sales manager, Mr. Jimmie Brown, with Mr. Brown filling out the contract on a printed form, except Mr. Pittman's signature, as Mr. Pittman affixed his signature to the contract which had been filled out by Mr. Brown. The written instrument in question reads as follows:

"Management copy

North Texas Tank Company

Butane-Propane Gas Systems

P.O. Box 519        Denton, Texas       ph. 1323 / 146

Sold to   Greenville Automatic Gas Co

Address   Greenville Texas

Ship To   Same

Address _____ Sold By   (/s/) J Brown

| Credit info: | Ship via | Date Promised | Invoice Date |
|---|---|---|---|
|  | Our Truck | 30 Day—or 1st | 2–11–55 |

| Quan. | Description | Price | Total |
|---|---|---|---|
| 2 | 12000 Gallon Propane | 2840 00 | 5680. 00 |
|  | U 69 Storage Tanks |  |  |
|  | Thermowell—Vapor Line |  |  |
|  | Rotary Gauge, 1¼″ Filler |  |  |
|  | RE60 3″ Filler # 2651 |  |  |
|  | 3″ Excess Flow |  |  |
|  | Rockwood Valve |  |  |
|  |  |  |  |
|  | (/s/) I. M. Pittman |  |  |
|  |  |  |  |

No. 16326                Total _____

Moore Business Forms Inc. Denton, Texas*"

Mr. Pittman also testified that the tanks were to be delivered in Hunt County, Texas, that he could not have brought the tanks to Greenville himself, that the defendant company was equipped to deliver the kind of tanks ordered and knew that Pittman was not equipped to deliver them himself, that the tanks were to be delivered in thirty days from February 11, 1955, but were never delivered.

The record also contains a letter dated July 22, 1955, directed to Mr. Pittman, plaintiff, from North Texas Tank Company by Jimmie Brown, Sales Department, which reads in part as follows:

"Ira, I have tried to get a definite promise on steel to build your storage tanks, and we know that we will not have the steel this quarter, and it is doubtful the 4th quarter. I will keep trying and if anything shows up, I will let you know."

Mr. Pittman further testified that on August 30, 1955, he wrote a letter to defendant company, sending same by regular U. S. mail to defendant and that the letter was not returned to him, and introduced a true copy thereof in evidence, which copy reads as follows:

"August 30, 1955.
"North Texas Tank Company,
"P.O. Box 1219,
"Denton, Texas.

"Attention: Mr. Jimmy Brown.

"Gentlemen: You will recall that on the 11th day of February of this year I ordered from you *by written* contract two 12,000 gallon propane storage tanks to be furnished by you at a cost of $2,840.00 each, making a total of $5,680.00. You promised delivery thirty days after date.

"On the 18th of July I called on you as you still had not delivered the tanks. On the 22nd of July you wrote me and said that you did not know whether you could fill this order or not. You never did fill it and, of course, I had to have some tanks. Due to the lateness in the season, I was not able to secure two 12,000 gallon tanks but had to secure three 8,280 gallon tanks. These tanks cost me $2,802.29 each and the difference in what you contracted to furnish me the tanks and what I had to pay for the tanks is $2,726.00.

"I also lost $100.00 by reason of the fact that gas went up one-half cent per gallon on August 2nd, and I had no tanks in which to store the gas. If you had completed your contract in accordance with the terms, I would have had the tanks and would not have been out the extra $100.00.

"You therefore owe me $2,826.00 and I shall expect you to make prompt payment.

"I would be pleased to hear from you.

"Very truly yours,
"Greenville Automatic
Gas Company
"IMP/j          I. M. Pittman."
(Emphasis ours.)

◼ Defendant did not object to the admission in evidence of said copy at the time it was offered but at the conclusion of the evidence moved to exclude the copy because it was not shown that defendant had received the letter, which motion was overruled by the trial court. We think the trial court correctly admitted the true copy of the letter in question under this record under the authorities cited in 17 Tex.Jur., p. 273 and 4 Tex.Jur. 10 Year Supp., p. 607.

◼ The defendant did not prove that it failed to receive the letter in question and did not prove that it answered the letter. The plaintiff testified positively that defendant did not reply to the letter. The failure of defendant to answer such letter constituted damaging evidence against it. See the following authorities: Murphey v. Gates, 81 Wis. 370, 51 N.W. 573; Barry v. MacNeill, 249 Mass. 279, 143 N.E. 901; Sonnesyn v. Hawbaker, 127 Minn. 15, 148 N.W. 476. In Murphey v. Gates, supra [81 Wis. 370, 51 N.W. 574], (Sup.Ct., Wisconsin) it is stated:

"The errors assigned by the appellant are:

1. That the court erred in receiving in evidence several letters of the plaintiff to the defendant, asking him to pay the balance of said $200, and reiterating the contract; and the defendant did not reply to any of them, or deny the truth of what they contained. The failure of the defendant to respond to these letters, or to deny in any form the statements therein, is a tacit admission of them, and to that end the letters of the plaintiff were admissible. They were dunning letters, and are so called by the learned counsel of the appellant, and presented to the defendant the plaintiff's account for his services according to the contract. By his silence the defendant admitted the claim of the plaintiff. Hinton v. Wells, 45 Wis. 268."

The plaintiff also testified without dispute with reference to his being unable to purchase two of the kind of tanks (12,000 gallon storage tanks) which had been sold to him by defendant but not delivered to him by defendant, and testified as to his being required to purchase three 8,280 gallon tanks to meet his needs, with each of these tanks costing $2,802.29, so that the difference in the price of the two 12,000 gallon tanks and the three 8,280 gallon tanks was $2,726.00, which was the amount sued for by plaintiff.

Defendant offered no testimony.

In order to maintain venue under Exception 5 of Article 1995, V.A.C.S., the plaintiff must prove (1) an obligation in writing; (2) the execution by the defendant; and (3) that it is performable in the county of the suit. Hess v. Young, Tex. Civ.App., 160 S.W.2d 574. Proof of the existence of the cause of action is not required. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698.

Prior to the enactment of Rules 86 and 93, Texas Rules of Civil Procedure, in 1941, the courts had held that a plea of privilege was a plea of non est factum and also was a denial of the corporate existence of the defendant. Key v. Mineral Wells Inv. Co., Tex.Civ.App., 96 S.W.2d 804. However, Rule 86, T.R.C.P. now specifically provides in part that "such plea (the plea of privilege) shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by *Rule 93 unless specifically alleged in such plea.*" Rule 93, T.R.C.P. requires that certain pleas must be verified by affidavit, among them being paragraph "g" that "any party alleged in any pleading to be a corporation is not incorporated as alleged." Section "h" of Rule 93, T.R.C.P. also specifically provides that the "denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority * * *" must be verified by affidavit. Section "h" of said Rule 93 also provides that "in the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

A plea of privilege is now no longer a plea of non est factum in itself, and in order to require proof by the plaintiff of the execution of a written contract sued upon upon the hearing of the plea of privilege, the defendant must now deny under oath the execution of the contract. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894.

Since the adoption of Rule 86, T.R. C.P., any of the matters required to be denied under oath by Rule 93, T.R.C.P., and which are not so denied, are now taken as admitted upon the hearing of the plea of privilege. Watson v. Texas State Bank of Jacksonville, Tex.Civ.App., 222 S.W.2d 341.

We think the written contract in question under the record in this case was clearly performable in Greenville, Texas, under the case of Vinson v. Horton, Tex. Civ.App., 207 S.W.2d 432, and as also held in Vinson v. Horton, supra, this court will take judicial notice of the fact that Greenville, Texas, is the county seat of Hunt County, Texas. We hold that under the record in this cause, where defendant-appel-

lant failed to deny under oath the execution of the written contract in question here and under the evidence heard by the trial court, that venue of this cause was sufficiently established in Hunt County, Texas, under Exception 5, of Article 1995, V.A.C.S.

We also think that under the record and evidence in this case venue of this cause was also sufficiently established in Hunt County, Texas, under Exception 23 of Article 1995, V.A.C.S. Ed Friedrich Sales Corp. v. Deitrick, Tex.Civ.App., 134 S.W.2d 760; Dallas Joint Stock Land Bank v. Harrison, Tex.Civ.App., 131 S.W.2d 742; Farmers' State Bank of Donna, Tex. **v.** Sullivan, Tex.Civ.App., 241 S.W. 727.

We conclude that the trial court correctly overruled appellant's plea of privilege. Appellant's points are respectfully overruled.

The judgment of the trial court is affirmed.